## Wickliffe, et al. v. Turner, et al.

(Decided June 20, 1913).

## Appeal from Ballard Circuit Court.

1. Banks—Where Directors of Knowingly Allow Indebtedness in Violation of Sections 583 and 598 Ky. Stats.—Under sections 583 and 598 Ky. Stats., the directors of a bank who knowingly allow indebtedness to be created in violation of section 583 are liable to a stockholder for any damages he sustains thereby, and he may sue in his own name to recover such damages.

2. Banks—Section 583 Ky. Stats.—Construction of.—When different clauses of section 583 Ky. Stats., have been violated, that clause will be enforced which is most favorable to the bank, its depositors and stockholders.

3. Banks—Construction of Section of 583 Ky. Stats.—Section 583 is violated if the bank purchases the paper of a person beyond the limits therein prescribed no less than where it lends the money directly to such person.

O'REAR & WILLIAMS, HAL. S. CORBETT and J. B. WICKLIFFE for appellants.

H. L. SMITH, H. F. TURNER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Farmers Bank of Wickliffe was organized with a capital stock of $15,000. Mrs. L. M. Turner held eight shares of stock each of the par value of $100. The bank failed and Mrs. Turner brought this suit against appellants who were the directors of the bank to recover for the loss of her stock by reason of violations of law by the

directors in the conduct of the bank, in this, that they permitted O. B. Beck to become indebted to the bank in the sum of $12,060.57; Charles McChord, a director, to become indebted to the bank in the sum of $5,595.25; and the city of Wickliffe to become indebted to it in the sum of $6,892.05. The actual surplus on hand never at any time exceeded $640. $2,000 was realized on the McChord debt, but the other two debts were practically a total loss. Sections 583 and 598, Kentucky Statutes, are as follows:

"No bank shall permit any of its stockholders, or any person, company or firm, including in the liability of the company or firm the liability of the individual members thereof, directly or indirectly, to become indebted to it in a sum exceeding twenty per cent of its capital stock actually paid in, and its actual amount of surplus, unless such borrower pledge with it good collateral security, or execute to it a mortgage upon real or personal estate which at the time is of more than the cash value of such loan or indebtedness above all other incumbrances; and if the borrower is a director or officer of such bank, he shall not be permitted to become indebted to it in excess of ten per cent of its paid-up capital stock, without securing the excess by the mortgage or pledge of real or personal property double in value the amount of such excess; and in no event shall the indebtedness of any person, company or firm, including in the liability of the company or firm the liability of the individual members thereof, exceed thirty per cent of its paid-up capital and actual surplus." (Sec. 583, Kentucky Statutes).

"If any director or directors of any bank shall knowingly violate or permit any officer or employee of the bank to violate any of the provisions of the law relating to banks, the directors so offending shall be jointly and severally individually liable to the creditors and stockholders for any loss or damage resulting from such violation; and if any such loss or damage be not made good within a reasonable time, it shall be the duty of the Secretary of State, with the consent of the Attorney General, to institute such proceedings as may be necessary to forfeit the charter of such bank."

It will be observed that by section 583, Kentucky Statutes, a bank may not permit any person to become indebted to it in a sum exceeding 20 per cent of its capital stock actually paid in and its actual amount of surplus unless such person pledge with it good collateral security or execute to it a mortgage upon real or personal prop-

erty which at the time is of more than the cash value of
such loan or indebtedness above all other incumbrances;
and if the borrower is a director or officer of the bank he
shall not be permitted to become indebted to it in excess
of 10 per cent of its paid up capital stock without secur-
ing the excess by the mortgage or pledge of real or per-
sonal property, double in value the amount of such excess,
and in no event shall the indebtedness of any person ex-
ceed thirty per cent of its paid up capital stock and actual
surplus.  It will also be observed that by section 598 the
directors who knowingly violate or permit any officer of
the bank to violate any of the provisions of the act are in-
dividually liable to the creditors and stockholders for
any loss or damage resulting from such violation.

Under the statute if the directors knowingly permit
any person to become indebted to the bank beyond the
30 per cent limit they are responsible to the bank for the
excess over and above 30 per cent whether they
take security or not or use diligence in look-
ing after the affairs of the bank; but they are
under this clause made guarantors only of the
excess of the indebtedness over and above the 30 per
cent limit.  On the other hand if the directors knowingly
permit any person to become indebted to the bank in ex-
cess of the 20 per cent limit without a pledge to it of good
collateral security or the execution of a mortgage upon
real or personal estate, which is at the time of more than
the cash value of such loan or indebtedness above all
other incumbrances, they violate the statute.  It is their
duty under the statute when the 20 per cent limit is ex-
ceeded to take collateral security or a mortgage of the
cash value of the whole indebtedness, and if they allow
the 20 per cent limit to be exceeded without taking a
mortgage or collateral security, they become liable for
the whole debt; or if they negligently take collateral se-
curity or a mortgage which is insufficient under the stat-
ute, they are also liable for the whole debt under this
clause.  If the borrower is a director or officer of the
bank and with their knowledge, creates an indebtedness
in excess of the 10 per cent limit, without securing the
excess over 10 per cent by mortgage or pledge double in
value the amount of such excess, they are in like manner
liable for the excess over 10 per cent, if no pledge or
mortgage is taken or if a mortgage or pledge which is in-
sufficient under the statute is negligently taken.  The
statute was designed for the protection of the bank, its

depositors and stockholders, and must be liberally construed with a view to promote its purposes. That clause of the statute will in every case be applied which best protects the bank, its depositors and stockholders.

Applying these principles to the case before us, what have we, Although Beck was permitted to become indebted to the bank in the sum of $12,420, no mortgage or collateral security for the indebtedness was taken from him. He executed notes to the bank with Charles Wickliffe as surety and to secure one note for $3,000 he executed a mortgage to Wickliffe on some property. This manifestly did not satisfy the statute. The wisdom of the statute in forbidding personal surety is illustrated by what happened in this case; for Wickliffe escaped liability on all the notes on the ground that the bank had given time to the principal without his knowledge or consent. (See Farmers Bank of Wickliffe v. Wickliffe, 134 Ky., 627). The statute is designed to prevent the occurrence of such losses when the 20 per cent limit is exceeded. The mortgage executed by Beck to Wickliffe only securing $3,000 of the debt in no sense complied with the statute. McChord executed to the bank a mortgage on some land in Mississippi; but there was a prior lien on the land. There is some evidence in the record that the property would have been sufficient to secure the debt but for the panic of 1907; but there is no evidence that at any time the property mortgaged was of value double the amount of the excess over 10 per cent. So this mortgage did not comply with the statute and the record shows no reasonable investigation by the directors as to the sufficiency of this mortgage before it was taken. No security of any kind was taken for the indebtedness of the city of Wickliffe. On these facts the jury found for the plaintiff the whole amount of her stock, $800. The defendants appeal.

It is insisted that the cause of action against the directors is in the bank and that Mrs. Turner who is only one of the stockholders, cannot maintain an action to recover for her loss. But the right of action to the stockholders is expressly given by section 597, Kentucky Statutes, and under the statute she may maintain an action in her own name to recover for her loss. An objection for defect of parties cannot be made for the first time in this court. It is also insisted that the indebtedness of the city of Wickliffe does not come within the meaning of section 583 on the ground that the city borrowed no

money from the bank, the facts being these: The city issued warrants and the bank paid them. The purpose of the statute is to prevent more than a certain per cent of the capital of the bank being invested in an indebtedness of one person. Within the purview of the statute it is immaterial whether the bank lends the money to the person and takes his note for it or buys his paper from another. The proper effect of the statute would be entirely defeated if it were held that though the bank could not lend money to another above the limits prescribed, it could buy his paper to any limit from other persons. The statute was designed to protect the bank against the risk of a heavy loss by reason of an indebtedness being created to it from one person above the limits prescribed.

Lastly, it is insisted that the circuit court misinstructed the jury, but taking the instructions as a whole, and in view of the facts established without controversy in the record as we have stated them above, the instructions were not prejudicial to the defendants. (City of Franklin v. Caldwell, 123 Ky., 526; Randolph v. Ballard County Bank, 142 Ky., 145).

Judgment affirmed.