## Petition of Hawesville Deposit Bank.

## Charles E. Marvin, Banking Commissioner.

(Decided November 13, 1928.)

### Appeal from Franklin Circuit Court.

1. Banks and Banking.—Under Ky. Stats., secs. 579, 583, state bank had authority to invest more than 30 per cent. of its capital in bonds guaranteed by title company, since title company, which guaranteed payment of bond and also guaranteed title, was simply guarantor, and its liability was contingent, and section 583 applies only to amount of indebtedness of person primarily liable.
2. Banks and Banking.—Under Ky. Stats., secs. 579, 583, state bank could not invest over 30 per cent. of its capital and surplus in bonds of any one mortgagor, since purpose of section 583 is to secure depositors from loss which might come to them from insolvency of single individual or corporation, whose obligations were held by bank.

TRABUE, DOOLAN, HELM & HELM for petitioners.

J. W. CAMMACK, Attorney General, and CLIFFORD E. SMITH and S. H. BROWN, Assistant Attorneys General, for Banking Commissioner.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

The Hawesville Deposit Bank has a capital stock of $35,000, a surplus of $35,000, and undivided profits of approximately $9,000. Its deposits amount to about $550,000. Not having a local demand for the safe investment of its funds, it has for years invested a portion of its funds in first mortgage real estate bonds, executed by individuals and guaranteed by the Louisville Title Company, to an amount in excess of 30 per cent. of its capital stock and surplus. The bonds are in each instance a first mortgage on real estate situated in Kentucky, the title to which has been examined, insured, and independently appraised, and loans to the several makers of the mortgages do not exceed 66 per cent. of the appraised value of the property mortgaged. The bonds are also the direct personal obligation of the maker, and bear interest at 6 per cent.

A controversy arose between the banking commissioner and the bank. He was of the opinion that no state bank or trust company could purchase bonds in excess of 30 per cent. of its capital and surplus in the bonds of

various individuals, when the Louisville Title Company guaranteed the payment of the principal and interest of the bonds. He was also of the opinion that the bank could not invest more than 30 per cent. of its capital and surplus in bonds payable by one corporation or individual. The bank did not concur in either of these holdings, and this action was brought to obtain the judgment of the court on these questions. The circuit court held with the bank on the first question, and held with the commissioner on the second. This appeal follows.

By section 579, Kentucky Statutes, a state bank, when regularly organized, is authorized, among other things:

"To exercise, subject to law, such powers as may be necessary to carry on the business of banking by discounting and negotiating notes, drafts, bills of exchange, and other evidences of debt, and purchasing bonds, receiving deposits, and allowing interest thereon, buying and selling exchange, coin and bullion, and lending money on personal or real security, as provided in this article."

In section 583, Kentucky Statutes, among the limitations of the indebtedness that may be incurred to a bank is this:

"And in no event shall the indebtedness of any person, company or firm, including in the liability of the company or firm the liability of the individual members thereof, exceed thirty per cent. of its paid-up capital and actual surplus."

When the bank buys bonds secured by a mortgage, the mortgagor is the debtor. The title company, which guarantees the payment of the bond and also guarantees the title, is simply a guarantor, and the liability of the title company is contingent. The statute was not intended to prohibit the bank from buying such paper in the open market. It only applies to the amount of indebtedness of the person primarily liable. It does not apply to insurance, for instance. The circuit court properly held that the bank could invest more than 30 per cent. of its capital in bonds guaranteed by the title company. Corsicana Nat. Bank v. Johnson, 251 U. S. 68, 40 S. Ct. 82, 64 L. Ed. 141.

2. The 30 per cent. limitation was intended to prohibit the bank from investing more than 30 per cent. of

its capital and surplus in an indebtedness of the same person. This wise purpose would be defeated if the statute could be avoided by the person first executing a mortgage and then issuing bonds. The court properly held that over 30 per cent. of the bank's capital and surplus could not be invested in the bonds of any one mortgagor. The same rule must apply necessarily to the bonds of the Louisville Trust Company, issued by it as its direct obligation; for in such a case the obligation to pay is that of the trust company. It is the person primarily liable. The purpose of the statute would be entirely defeated if the bank could invest 30 per cent of its capital and surplus in the bonds of one individual or corporation. The purpose of the statute was to secure the depositors from the loss which might come to them from the insolvency of a single individual or corporation whose obligations were held by the bank. Wickliffe v. Turner, 154 Ky. 571, 157 S. W. 1125.

Judgment affirmed.