## Acton v. Smith.

(Decided November 22, 1912.)

### Appeal from Pulaski Circuit Court.

1. Damages—Action for Malpractice—Special Damages—Absence of Plea—Instructions—Pleading.—In this action brought by appellee against appellant, a physician, for malpractice, no special dam-

ages were claimed, nor were general damages arising out of any permanent injury to her person alleged; the only grounds of damage alleged being physical and mental suffering, and "impairment of her health and strength," to which the recovery was by the instruction as to the measure of damages confined. Held, the instruction was fatally defective; the words "impairment of her health and strength" as used in the instruction were calculated to make the impression on the jury that they were equivalent in meaning to the words—permanent impairment of her power to earn money; although damages on that account were not claimed in the petition, nor was the recovery of such damages authorized by any of its averments, or by the evidence.

2.    Same—Instructions.—On another trial the instruction as to the measure of damages should limit the recovery to compensation to appellee for the physical and mental suffering caused her by appellant's neglect or unskillful treatment.

3.    Same—Pleading—Instructions.—She may, however, if she so elects by an amended petition allege permanent injury or the permanent impairment of her power to earn money caused by appellant's negligence and also special damages such as loss of time and expense incurred in effecting a cure; in which event, and there is proof to sustain them, the court may include these elements of damage in the instruction defining the measure of recovery.

T. Z. MORROW, M. G. COLSON for appellant.

WESLEY & BROWN and VIRGIL P. SMITH for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

In this action for malpractice appellee recovered of appellant, a physician, a verdict and judgment in the court below for $750 in damages. The latter being dissatisfied with the judgment, and the refusal of the circuit court to grant him a new trial, has appealed.

The petition, in substance, alleged that appellant was employed as physician to treat appellee for an illness caused, as he declared, from an ulcer of the womb, but which was, as alleged, in fact caused by her pregnancy. That the treatment appellant gave her was so unskillfully and negligently performed as to produce an abortion, which, with its consequent ills and his unskillful treatment of same, caused her intense and continued physical and mental suffering and resulted in, "great injury to her health and strength."

The record furnishes no ground whatever for appellant's contention that a peremptory instruction should have been given directing a verdict in his favor. There

was abundant evidence conducing to prove his negligence or want of skill in his treatment of appellee during her illness; and that it caused the miscarriage and consequent illness suffered by her as charged in the petition. On the other hand the evidence introduced in appellant's behalf, consisting chiefly of expert testimony, conduced to establish his skill in the treatment of appellee and that the miscarriage suffered by her did not result from his negligence or want of skill. Obviously, the case should have gone to the jury and it cannot be said that the verdict was flagrantly against the evidence.

A more serious matter is presented by appellant's contention that the jury were not properly instructed. We think, however, that the instructions, except the one on the measure of damages, were substantially correct. The instruction on the measure of damages is as follows:

"If you shall find for the plaintiff you will award her such a sum in damages as you may believe from the evidence will fairly compensate her for her mental and physical suffering and pain, if any, or the impairment of her health and strength, if any, caused by the defendant's failure to exercise ordinary care and skill in his treatment of her as physician, provided you do not find exceeding $10,000."

The petition makes no claim to special damages, such as loss of time or expenditures for medical or surgical treatment. Nor is it therein alleged that the negligence of appellant resulted in any permanent injury to appellee or in a permanent impairment of her power to earn money.

As used in the instruction, the words, "impairment of her health and strength" were calculated to make the impression on the jury that they were equivalent in meaning to the words—permanent impairment of her power to earn money—and as, therefore, entitling her to recover damages for such permanent impairment of her power to earn money, although damages on that account were not claimed in the petition.

In L. & N. R. R. Co. v. Scott B. Moore, 150 Ky., 692 (this day decided), in passing upon an instruction erroneously defining the measure of damages we said:

"The instruction further improperly allowed a recovery for the permanent impairment of the appellee's

power to earn money, although the petition did not allege such impairment or that appellee was permanently injured, one of which, as held in Central Kentucky Traction Co. v. Chapman, supra, and L. & N. R. R. Co. v. Grassman, supra, should be alleged. It also improperly allowed the jury to award appellee damages on account of any diminution of his power, 'to pursue the course of life he might otherwise have done.' If the petition had alleged an impairment of appellee's power to earn money, or that he was permanently injured, the instruction, as to that item of damages, should have confined the recovery to compensation for the loss, if any, of such power; therefore, in allowing a recovery for such a sum, in addition, as would compensate him for any diminution of his power, 'to pursue the course of life he might otherwise have done,' the instruction erroneously introduced into the case, and gave emphasis to, what the jury must have regarded an independent element of damages not included in that part of the instruction which authorized a recovery for the impairment of appellee's ability to earn money." L. & N. R. R. Co. v. Logsden, 146 Ky., 746; So. Cov. Cin. St. Ry. Co. v. Nelson, 28 R., 287.

Under the pleadings and proof in this case the jury should have been instructed on the measure of damages as follows:

If the jury find for the plaintiff they should allow her in damages, such a sum as they may believe from the evidence, will reasonably and fairly compensate her for her physical and mental sufferings, if any of either, caused by the defendant's negligence or want of skill, as a physician, in his treatment of her, not to exceed $10,000, the amount claimed in the petition.

On another trial of the case this instruction should be given in lieu of No. 4 on the same subject.

If, however, the appellee should amend her petition and therein allege loss of time, expense incurred in effecting a cure at the hands of a physician, and the amount thereof, and permanent impairment of her power to earn money, the instruction should include these things as elements entering into the damages recoverable.

Because of the error in the instruction referred to the judgment is reversed and cause remanded for a new trial consistent with the opinion.