## Simmons, et al. v. Fletcher & Snodgrass.

(Decided November 25, 1914.)

### Appeal from Powell Circuit Court.

1. Contracts—Performance—Authority—Personal Judgment.—A lumber company contracted for the building of a railroad. The contractor became insolvent, and abandoned the contract. Thereafter a sub-contractor completed the work which it had agreed to do. Held, upon a consideration of all the evidence, that the coal company undertook to carry out the original contract, and thereby became personally liable to the sub-contractor for work done after the abandonement of the contract by the original contractor.

2. Contracts—Corporation—Personal Liability of Officer.—Where the general manager of a corporation, acting on its behalf and as trustee for the creditors of the original contractor, completes a contract which has been abandoned by the original contractor, it is error to render personal judgment against him for work done by a sub-contractor after the abandonment of the original contract.

3. Liens—Railroad Construction—Sections 2492 and 2494, Kentucky Statutes—Statement.—In an action to enforce a lien for materials and labor furnished in the construction of a railroad, under Sections 2492 and 2494, Kentucky Statutes, where the petition and lien statement charge that the work was done on a railroad owned by the defendant company, held that this statement, in the absence of a showing that the railroad was a private railroad, was sufficient to make out a prima facie case and support the judgment awarding plaintiffs a lien.

JOHN D. ATKINSON and ROBERT H. WINN for appellants.

C. F. SPENCER for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming as to Dana Lumber Company, reversing as to E. A. Simmons.

The Dana Lumber Company, a corporation, with its principal office at Nada, in Powell county, Kentucky, began the construction of a railroad from the Lexington & Eastern Railway to the North Fork of Red River. In doing this work it was necessary to build a tunnel. The work of constructing the tunnel was let to Swift & Weaver, afterwards Swift & Lacy, who sub-let a portion of the work to Fletcher & Snodgrass. Swift & Lacy became insolvent and left the State. Thereafter plaintiffs, Fletcher & Snodgrass, completed the work which they had engaged to do, and brought this action to enforce their claim for work done after the abandonment of the contract by Swift & Lacy. On final hearing they were given a personal judgment against the Dana Lumber Company and its general manager, E. A. Simmons, and also a lien on the property of the Dana Lumber Company. E. A. Simmons and the Dana Lumber Company appeal.

It is first insisted that the trial court erred in rendering a personal judgment against Simmons and the Dana Lumber Company. The petition charges that the work was done at the instance and request of E. A. Simmons personally and as agent of the Dana Lumber Company, and also as trustee for Swift & Lacy. Defendants contend that Simmons was acting merely as trustee for the creditors of Swift & Lacy, and not for himself and the company, in completing the work after Swift & Lacy abandoned their contract. The evidence shows that Flynn, the president, and Simmons, the general manager, of the Dana Lumber Company, had made a sale of

their holdings in the Dana Lumber Company to certain West Virginia parties. By the contract of sale they agreed to see that the railroad, including the tunnel in question, should be completed before the transfer. Shortly after the abandonment of the contract by Swift & Lacy, the Dana Lumber Company, by E. A. Simmons, its general manager, wrote to the Lexington Credit Men's Association, advising them of the fact that, as Swift & Lacy had failed to carry out their contract, the Dana Lumber Company had been forced to take hold of the contract for the purpose of completing the work. The letter further stated that Swift & Lacy had on hand certain tools and merchandise, and that the contract ought to be completed with a small profit. It was further proposed in the letters that if the creditors would take no action, E. A. Simmons would go on with the work and complete it, and after taking out the actual expenses, the company would pro rate to each creditor his proportion of the net proceeds. A meeting of the creditors of Swift & Lacy was called and the proposition agreed to. Thereafter the Dana Lumber Company proceeded to comply with the contract. Upon completion of the work, a small dividend was distributed to the creditors. While it is true that Fletcher says that when Swift & Lacy quit, neither Simmons nor Flynn instructed them to go on with the work, but that he and Snodgrass talked it over and agreed to go on with the work until they were stopped; yet we do not think this statement is sufficient to show that the Dana Lumber Company was not thereafter responsible for the work which they did. The evidence, considered as a whole, shows that Swift & Lacy abandoned their contract. Thereupon the Dana Lumber Company undertook its completion. In doing this its general manager was not acting merely as trustee for Swift & Lacy's creditors. The company itself was obligated to complete the work, and undertook its completion, not merely to save money for the creditors of Swift & Lacy, but for the purpose of carrying out its own obligation. After the abandonment of the contract by Swift & Lacy, the work was done under the superintendence and direction of Simmons, and we think it clear, from all the facts in the case, that the work performed by plaintiffs was done at the instance and request of the Dana Lumber Company. We, therefore, conclude that a personal judgment against the Dana Lumber Company was proper. However, as Simmons was acting only in the

capacity of trustee for Swift & Lacy's creditors, and as agent of the Dana Lumber Company, we conclude that a personal judgment against him was improper.

The point is also made that no lien should have been adjudged. This position is predicated on the theory that the railroad being constructed was not the kind of a railroad to which Sections 2492 and 2494, Kentucky Statutes, apply. In this connection it is insisted that these sections do not apply to a private railroad constructed by a company for its own benefit, but only to an incorporated railroad intended to serve the general public. The lien statement and petition both allege that it was a railroad. It does not appear that an issue was made below as to the character of the railroad. In the absence of a showing on the question, we think the lien statement and petition, charging that the work was done on a railroad owned by the Dana Lumber Company, was sufficient compliance with the statute to make out a *prima facie* case and support the judgment awarding plaintiffs a lien.

Other errors are relied on, but we deem it unnecessary to discuss them further than to say that we have carefully considered them, and, in our opinion, none of them afford any just grounds for reversing either the personal judgment or the judgment awarding a lien against the Dana Lumber Company.

On the appeal of the Dana Lumber Company the judgment is affirmed. On the appeal of E. A. Simmons, individually, the judgment is reversed and cause remanded with directions to set aside that part of the judgment awarding personal judgment against him.