## Commonwealth v. American Tobacco Company.

Appeal from Mason Circuit Court.

### Same v. Same.

Appeal from Fleming Circuit Court.

### Same v. Same.

(Decided December 2, 1915.)

Appeal from Bracken Circuit Court.

Monopolies—Pools—Combinations to Fix Prices.—Under sections 3915-3921 of the Kentucky Statutes, a corporation or person that enters into a pool, trust, combination or agreement for the purpose of regulating, controlling and fixing the price of property is subject to the penalty denounced by the statute.

M. J. HENNESSEY for appellant.

WORTHINGTON. COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Reversing in each case.

As these three appeals present the same questions of law, we will dispose of them in one opinion, using the Mason County case to illustrate the points at issue.

In December, 1907, the Commonwealth of Kentucky filed in the Mason Circuit Court a penal action against the American Tobacco Company, alleging that "within twelve months next before the institution of this action, the American Tobacco Company did unlawfully create, establish, organize, enter into and become a member of, a party to and interested in a pool, trust, combine, agreement, confederation and understanding with the Continental Tobacco Company, a corporation, and with other corporations, partnerships, persons, individuals and associations of persons to the plaintiff unknown, which pool, trust, combination and confederation was so created, established, organized and entered into for the purpose of regulating, controlling and fixing the price of merchandise, manufactured articles and property, to-wit: tobacco, both in the leaf and manufactured tobacco, and in pursuance of said pool, trust, combination and agreement did unlawfully control, regulate and fix the price of said tobacco in said county during said time, to plaintiff's damage in the sum of $5,000.00."

In February, 1908, the defendant entered a general demurrer to the petition, because it did not state facts sufficient to constitute a cause of action against it. This demurrer appears from a subsequent order of the court to have been sustained, but the record does not show when.

In 1910 the plaintiff offered an amended petition, to which objection was made and overruled, and the amended petition ordered to be filed, to which ruling exception was taken. The amended petition, after setting out the substance of the averments of the original petition, charged that the American Tobacco Company entered into the pool, trust, and agreement for the purpose of enhancing the price of said manufactured tobacco above its real value, and depressing and lowering the price of said leaf tobacco below its real value, and that in pursuance of said agreement, confederation, pool and trust did "on divers days both before and since and within twelve months last past before the institution of this action by the filing of the original petition herein, in the said county of Mason, unlawfully and wilfully regulate, control and fix the price of tobacco, both in leaf and

manufactured tobacco aforesaid, and did thus fix the price of all manufactured tobacco aforesaid, sold in said county during the time aforesaid, above its real value, and did thus during said time depress and lower the price of leaf tobacco, bought and sold in said county by defendant and other corporations and companies.''

The original petition was based on and made to conform to what is known as the Act of 1890, now sections 3915-3921, of the Kentucky Statutes, and stated a good cause of action under this statute. The amended petition was filed after the opinion of this court in the case of Com. v. International Harvester Co., 131 Ky., 551, was handed down, and for the purpose of reforming the cause of action stated in the original petition to comply with the rule laid down in that case, it being held there that no penal action or criminal prosecution could be maintained against any person or corporation for entering into a pool, trust or combination for the purpose of regulating or fixing prices unless the purpose of the pool, trust or combination was to enhance the price of an article above its real value or depreciate its price below its real value.

To the petition as amended a general demurrer was also filed, but it appears that this demurrer was not acted on until January, 1915, when this order was made: ''The court having considered the demurrers of defendant to plaintiff's petition as amended, sustained the same, to which plaintiff excepts. Thereupon plaintiff, by permission of the court, withdrew its amended petition herein and moved the court to reconsider its ruling sustaining the demurrer to its original petition and to overrule same, to which defendant objected. The court having considered said motion, and upon reconsideration, refused to overrule said demurrer, to which plaintiff objected and excepted. Plaintiff declining to plead further, it is adjudged that its petition herein be dismissed, to which plaintiff objects and excepts and prays an appeal to the Court of Appeals, which is granted.''

On this record the only question before us is the correctness of the ruling of the trial court made in 1915 refusing to overrule or withdraw the ruling sustaining the demurrer to the original petition. In view of the conclusion reached by this court in the case of Gay v. Brent, 166 Ky., 833, and for the reasons therein stated, we

think the court erred in sustaining the demurrer to the petition.

It is,.therefore, ordered and adjudged that each of these cases be reversed, with directions to overrule the demurrers to the petitions.