## Union Light, Heat & Power Company v. O'Connell.

(Decided March 6, 1923.)

### Appeal from Kenton Circuit Court.

1. **Damages—Petition Held not Demurrable, as Showing Injuries Due to Fright Alone.**—A petition alleging that plaintiff was violently thrown backwards against a table by an explosion of gas, and was thereby knocked motionless and speechless for many seconds, and soon afterwards collapsed, and was confined to her bed under physician's care, and suffered great mental and physical pain, that her nervous system was permanently destroyed, and her heart partly affected, and she had lost weight and was unable

to do her household duties, was not demurrable as showing that her injury was by fright alone, and that she suffered no physical injury.

2. Damages—Injury not Pleaded Provable to Show Violence of Explosion and Resultant Injury, but Jury Should Have Been Instructed Not to Allow Damages Therefor.—Where plaintiff suing for injuries from explosion of gas alleged no injury to her back or hip, evidence thereof was competent as tending to show the violence of the concussion and the resultant injury, but the jury should have been instructed not to allow damages therefor.

3. Damages—Loss of Time is Special Damage, and Must be Pleaded.—Loss of time from personal injury is of the nature of special damage, and must be pleaded in order to recover therefor.

4. Damages—Plaintiff not Entitled to Recover for Permanent Impairment of Earning Power, When Injuries not Shown to be Permanent.—Though plaintiff pleaded permanent injuries, where it was not shown that her injuries were permanent, she was not entitled to recover for permanent impairment of her power to earn money.

5. Damages—Instruction Predicated on Finding that Injuries Resulted from Fright Alone Held not Authorized and Properly Refused.—Where plaintiff's statement to a witness that she received no physical injury from a gas explosion evidently meant no visible injury, and there was no evidence or admission that she was merely frightened, though there was testimony that her condition could have resulted from fright, an instruction predicated on a finding that her injuries were the result of fright or shock, unaccompanied by physical injury, was properly refused.

GALVIN & GALVIN and JOHN L. RICH for appellant.

JOHN T. MURPHY and EDWARD TRACY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Sarah O'Connell recovered a judgment for $4,331.50 in the Kenton circuit court against the Union Light, Heat and Power Company for personal injuries, it being alleged that these were occasioned by an explosion resulting from the ignition of natural gas which was escaping from a defective pipe owned by appellant and located in the rear of plaintiff's premises.

Plaintiff's lot runs back to an alley in which appellant's line of pipe was located. There was also a privy or vault to the rear of the lot next to the alley. For some months previous to the explosion odors had been detected in the alley but it was not known from whence they came. Plaintiff's family and the neighbors had been sprinkling lime in the privies and adjoining premises

without improvement, but they did not seem to recognize the odor as coming from gas. Plaintiff had a toilet in her house but the privy was used occasionally.

On the evening in question her niece, Mrs. Garr, and her four children were visiting her and just after dark the children were permitted to go to this privy, carrying with them a lighted candle, the mother standing in the door and Mrs. O'Connell at an open window, watching them.

As they reached the door of the privy the gas ignited causing a terrific explosion, flames going as high as the house. Mrs. Garr was staggered to her knees but held to the door; Mrs. O'Connell was thrown backward across a table but recovered sufficiently, shortly afterward, to assist in hunting the children. She retired about eight o'clock but later collapsed and sent for a physician. She was in bed for some time; later she went to a hospital where she remained for nearly a month and on her return home had a trained nurse for several weeks and at the trial a year afterward was still nervous and suffered from her hip and back. It appears, though, that her principal trouble during the entire time was neuresthenia.

A number of errors have been assigned, among which may be mentioned (1) excessive verdict, (2) error of the court in admission of improper evidence, (3) error of the court in giving instructions and in refusing to give proper instructions and in overruling the demurrer to the petition.

It is insisted that the demurrer should have been sustained to the petition for the reason that it did not allege any physical injury. In this respect it does say: "She was violently thrown backward against a table," and says "that by the force caused by said explosion she was knocked motionless and speechless for many seconds; says that within a few hours thereafter she collapsed and was confined to her bed and a physician called to attend her; that she has suffered as a result of said accident great mental and physical pain."

"Plaintiff further says that as a result of said explosion her nervous system was permanently destroyed, and that her heart was partially affected and that it had ceased to function as it did prior to her injuries, that she has lost weight and is unable to perform her household duties."

From this it is argued that plaintiff suffered no physical injury, and construing the pleadings most strongly

against the pleader her injuries were caused by fright alone, and under repeated adjudications of this court no cause of action is stated. This assumes that a physical injury cannot exist without external evidence. While it is a fact that an explosion may cause a concussion or impact as serious as would a blow, though it comes in contact with so large a portion of the body that it may leave no external scar or wound, such a blow might destroy the nervous system and injure the body independent of any fright. "By violent jolt or jar a physical injury may be done though the flesh is not bruised and there may be little externally to indicate it." K. T. & T. Co. v. Bain, 161 Ky. 44.

The plaintiff was permitted to testify in reference to what occurred at the explosion, "I fell back; it struck me right across here (indicating back). It is not better yet and it is over a year."

Again referring to the occasion of the injury, "I went out. I could hardly get out for the pain in my back."

In referring to her subsequent pain and suffering she said: "I had severe sick headaches, my back nearly killing me all the time." At another place as to her suffering a year after the injury she said: "I am still very nervous; I suffer so much with my back, I just nearly die with my back and a little of everything, it seems."

Dr. Hoppe testified as to her condition some time subsequent to her injury and after describing her nervous troubles, he added: "Also I should have mentioned that she was unable to lie on her left side," and accounted for that by saying that "she had pain and tenderness in the small of her back over her right hip." He further testified that her nervous trouble had improved but that he could not say about her hip or as to whether or not the injuries to it would prove permanent.

By reference to the averments of the petition as set out above it will be seen that the plaintiff did not plead any injury to her back or hip, and this evidence was introduced over the objection and exception of the defendant, and without any admonition upon the part of the court as to the purpose for which it was admitted. This was error. L. & N. v. Henry, 167 Ky. 157, 110 S. W. 823.

While the testimony was competent as tending to show the violence of the concussion and the resultant injury the jury should have been instructed that they

could only consider her physical injuries for the purpose of showing the extent of the injury to her nervous system and not as a cause for which damages could be allowed. L. & N. R. R. Co. v. Gaugh, 133 Ky. 474; Louisville Ry. Co. v. Ellenhorst, 110 S. W. 823; L. & N. v. Henry, 167 Ky. 151. ·

In her petition the appellee did not plead loss of time but alleged permanent injuries. There was proof of loss of time from service but it was not shown that the injuries were permanent. In the measure of damage instruction the jury were authorized to award damages for the impairment of her power to earn money. This was also erroneous. Loss of time from service is of the nature of special damages and must be pleaded in order to recover therefor; nor was she entitled under the proof to a recovery for permanent impairment of her power to earn money. The instruction given might have been con· strued by the jury to have included one or both of those elements; in either event it was not justified. C., N. O. & T. P. Ry. Co. v. Gibboney, 30 Rep. 1007; Weil v. Hagan, 161 Ky. 295; Acton v. Smith, 150 Ky. 703.

In another trial, if the pleadings remain in their present condition, the only elements of damage which can be submitted to the jury will be as to the mental and physical pain and suffering and the expense incurred in payment of physicians, nurses, hospital and drug bills. The appellant offered an instruction denying a recovery if the jury believed from the evidence that the plaintiff's injuries were the result of a shock or fright not accompanied by physical injury. This was based on the statement of Dr. Hoppe that her present condition could have resulted from fright alone, and from the testimony of Dr. Ryan, that plaintiff in giving him the history of her case said she received no physical injury. Admitting both statements it is evident that by physical injuries she meant some kind of visible injury, it being nowhere admitted by her or proven by any one else that she was merely frightened at the time and to so assume would not be in accordance with the other facts proven. We conclude that instruction on that point was properly refused.

Judgment reversed and cause remanded for proceedings consistent with this opinion.