## Knopp v. Thornton.

(Decided May 15, 1923.)

## Appeal from Marion Circuit Court.

1. Physicians and Surgeons—Are Bound to Exercise Care Generally Exercised in Vicinity in Performance of Like Duties.—A physician holding himself out as one skilled in the performance of surgical operations, and who undertakes to perform one, must exercise such care as physicians and surgeons of that vicinity generally exercise in the performance of like duties, and, if he fails to do so, he is liable in damages to one injured by his negligence.

2. Physicians and Surgeons—Plaintiff's Evidence Held to Show Negligence of Physician in Setting Broken Arm.—Testimony by plaintiff that defendant, a physician, undertook to set his broken arm, and placed it in splints, and thereafter made only casual examinations, notwithstanding plaintiff's complaint of pain, with evidence of X-ray pictures showing the bones were not properly placed, though plaintiff claimed they were just as defendant had placed them in the splints, as a result of which plaintiff had to undergo an operation to have the bones reset, held sufficient to warrant the jury in finding the physician was negligent so that it was error to direct a verdict for him.

S. A. RUSSELL and D. A. TAYLOR for appellant.

W. H. SPRAGENS, C. C. BOLDRICK and FRED FORCHT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellant Knopp's forearm was broken while cranking an automobile and he immediately applied to appellee, Dr. G. G. Thornton, to have the bones set and the wound treated. The doctor accepted the employment and undertook to set the bones and to treat the injury. One of the bones next to the wrist was entirely broken and twisted around out of position. The other bone of the forearm was dislocated. According to the evidence of appellant Knopp the appellee pulled at his arm and then laid it on a board on the knee of appellant while appellee prepared another board and placed it on top of the broken arm and bound it, and sent appellant away without further ado. But before leaving appellant inquired when he should return for an examination of his arm, and was informed by the doctor that he need not come back until the end of six weeks unless it hurt too badly; that

the splints would be ready to come off in six weeks and that the arm would be all right. Later the arm gave appellant so much pain he went back to see appellee Thornton and asked him to examine it. The doctor looked at it casually and told him there was nothing wrong with it and that it would be all right, and sent him away again. He returned again in a few days for an examination but received only casual attention. He then consulted another physician, who told him he should go and see his doctor, and when informed of what his doctor had been doing, he told appellant to have an X-ray picture made of his arm. Later appellee removed the splint from the arm of appellant and told him it was all right, although it was a little crooked. An X-ray picture was then made by other surgeons and the bones found to be in such position as that they would not unite and his arm was crooked; that the ends of the broken bones were pointing in the wrong direction and were not bound in the correct position; were not together and that the other bone in the forearm was out of socket. Appellant was unable to use his arm even so much as to raise it.

Two X-ray pictures are made a part of the evidence. These pictures, it is admitted, were made after appellee doctor had discharged appellant and told him, as appellant says, that his arm was in good condition and that it would be all right with a little use. After the pictures were made other surgeons opened the arm and set the bones, and charged appellant for their services. According to appellant all this was very painful as well as expensive.

In this action for damages, the court at the conclusion of the evidence sustained a motion for a directed verdict in favor of the physician Thornton. Upon what grounds is not made clear. It is admitted that appellee is a regularly practicing physician, holding himself out as learned in the science of medicine and skilled in surgery. The gist of the defense, as we understand it, was that appellant had dislocated the bones after they had been set and bound by appellee, but appellant's evidence upon this point directly and positively negatives this claim. He says he did not jar or wrench or change his arm in any way and that he was very careful not to do so, following the instructions of the doctor on that subject; that the bones in his arm were left exactly in the same position they were placed by appellee. There is no evidence to the contrary. With the evidence in this condition, the trial

court erred to the great prejudice of appellant in directing a verdict for the physician. The plaintiff Knopp had a right to have the case submitted to a jury.

The rule is that a physician, holding himself out as skilled in the performance of surgical operations, who undertakes to perform one, must exercise such care and skill as physicians and surgeons of that vicinity generally exercise in the performance of like duties; and if he fails to do so he is liable in damages to one injured by his negligence or carelessness. If the evidence of appellant Knopp can be relied upon, appellee Thornton was not only negligent and unskillful but directly responsible for much of the pain and suffering which appellant endured and for the failure of the bones of his arm to unite and strengthen immediately after appellant applied for treatment. The horrible condition of the bones of appellant's arm, as shown by the X-ray pictures which are acknowledged to be correct, makes it plain that there was absolutely no skill or ability employed in the setting of the bones, if the bones were in the same position at the time the pictures were made as they were at the time appellee Thornton set them, as contended by appellant Knopp. That is a question of fact which should have been submitted to the jury.

For the reasons stated above, the judgment must be and is reversed for proceedings consistent herewith.

Judgment reversed.