## Williams v. Brown.

(Decided October 17, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas, Third Division).

Master and Servant—Compensation for Injury Credited on Servant's Judgment Against Third Person.—Negligent third party is entitled to be credited, on judgment rendered against him in favor of employee of another, with compensation paid plaintiff by employer, in view of Ky. Stats., section 4890.

DAVIES, PAGE & DOWNING for appellant.

HUMPHREY, CRAWFORD & MIDDLETON for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

Appellant, Perry Williams, was in the employ of the
Louisville Rendering Company in July, 1920, when he
suffered an injury to his person through the negligence
of appellee J. T. S. Brown in driving his automobile
against a taut rope drawn around an excavation which
Williams was making for his employer. Brown was not
connected with the employment of Williams in any way
but comes within section 4890, Kentucky Statutes, which
makes "a negligent third party" liable for an injury to
an employe who has accepted the terms of the workmen's
compensation law, and provides the remedies which the
injured employe may have.

After his injury Williams applied to the workmen's
compensation board for compensation and was awarded
compensation which, when collected, amounted to $640.05.
About the same time he commenced an action for dam-
ages for personal injury against appellee, J. T. S. Brown,
for $5,000.00. In his answer to the petition appellee,
Brown, in addition to traversing the material averments
of that pleading, averred that appellant Williams had
sought and obtained compensation from his employer,
the Louisville Rendering Company, amounting to $640.05,
that in case Williams should obtain a judgment against
Brown in the action pending that the same should be
credited by the amount obtained by Williams through
compensation under the provisions of section 4890, Ken-
tucky Statutes.

Issue being joined a trial resulted in a verdict for
$1,000.00 in favor of Williams, against Brown, for per-
sonal injury. No evidence whatever was heard upon the
question of compensation of Williams by his employer, its
amount being fixed by the pleadings. After verdict and
judgment appellee Brown moved the court to credit the
amount of the judgment, $1,000.00, with the total amount
of compensation received by Williams from his em-
ployer, $640.05. After hearing the trial court entered
the following judgment:

"It is ordered by the court that the defendant's
motion to credit the sum of $640.05 upon any judg-
ment that may be entered upon the verdict of the
jury of $1,000.00 in favor of the plaintiff against the
defendant be, and the same is hereby sustained, and
it is accordingly adjudged by the court that the plain-

tiff recover of the defendant the sum of $1,000.00 subject to a credit of $640.05, and plaintiff's cost herein, and that the plaintiff may have execution against the defendant for $359.95 and for plaintiff's cost herein expended; to the allowance of which credit the plaintiff excepts.''

From this judgment Williams appeals, insisting that a negligent third party is not entitled to be credited upon a judgment rendered against him, with money paid the injured party by way of compensation. In support of this general insistence appellant says (1) to allow the appellee credit for money paid appellant for compensation would be against public policy; (2) section 4890, Kentucky Statutes, was enacted solely for the benefit of the employer and not for the benefit of a negligent third party; (3) to allow credit upon the judgment rendered against appellee would be relieving a negligent third party from liability for a wrongful act; (4) compensation paid an injured employe is paid by reason of a contract previously made between the employer and employe, while the recovery against appellee was by reason of a tort committed by appellee, and consequently the payment by both the employer and negligent third party is not payment by both for a wrong.

Both appellant and appellee rely upon two opinions from this court, Book v. City of Henderson, 176 Ky. 785, and Henderson Tel. & Tel. Co. v. Owensboro Tel. & Tel. Co., 192 Ky. 322. Section 4890, Kentucky Statutes, reads:

"Whenever an injury for which compensation is payable under this act shall have been sustained, under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employe may at his option either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both, and if compensation is awarded under this act the employer, having paid the compensation or having become liable therefor, shall have the right to recover in his own name or that of the injured employe from the other person in whom legal liability for damages exists not to exceed the indemnity paid and payable to the injured employe.''

The last General Assembly amended this act so as to give a right of action to the insurance company against the negligent third party causing the injury where the insurance company has paid or become obligated to pay the compensation. In considering the provisions of the act before the amendment, we said in the case of Book v. City of Henderson, *supra*:

"It is the contention of appellee that, although the employe has the right to proceed against both the employer for compensation and the third party for damages, necessarily by separate and distinct proceedings, one before the workmen's compensation board under the act, and the other by action in court, he may not collect any amount from one without waiving his right to proceed against the other; while appellant contends that the limitation is only upon his right to collect double damages, in whole or in part, for the injuries he has received. It is conceded that, before the enactment of the workmen's compensation act, an injured employe could proceed jointly against both the employer and a negligent third party, but to the extent he collected *from the one on a joint judgment he could not recover from the other.* . . . .

" . . . . We, therefore, conclude that the proper construction of this limitation upon the right of an injured employe to proceed against both, that he shall not collect from both the employer and the negligent third party, is, that to the extent he collect from one he may not collect from the other. . . . "

In considering the provisions of the same section we said in the case of Henderson v. Owensboro, *supra*:

" . . . . Where he (the employer) does not pay or obligate himself to pay the award of the board to the injured employe neither he nor the insurance company has a cause of action against the third party causing the injury, but the injured employe may have such action even though he accepts compensation from the employer, and if he recovers a judgment greater than the award he can have only the excess and not the whole amount, for to the extent of the award it would be double damages or compensation which is not allowable. If the judgment be only equal to or less than the award the injured employe, having already recovered or been al-

lowed that amount cannot, under the express terms of the statute, take the benefits of the judgment, nor is there any one else entitled to take the benefit of such judgment in cases where the award was paid by the insurance company and not by the employer. . . . . ''

The one thing certain from a reading of the section of the statute above quoted is, that the injured employe cannot have full compensation and collect money on a judgment for full damages for the same injury. That would be double compensation. He may prosecute one or both of these remedies but he can collect the full amount but once. The extent of his damages was fixed by the verdict of the jury in his case against Brown at $1,000.00, a greater sum than awarded by the board of compensation. The compensation awarded him under the statute against the employer—ameliorated and humanized for the common good—amounted to only $640.05. Having accepted this sum and being, by reason of the statute above quoted, debarred from twice receiving compensation for the same injury, Williams was entitled only to the difference between the sum he had received, $640.05 and the total damages sustained by reason of the injuries, $1,000.00, just as the trial court held. This, logically, is the rule with respect to compensatory damages. Whether the same rule should be applied to punitive damages, it is not necessary to decide for that question is not made.

We are not called upon in this opinion to decide the rights of the Louisville Rendering Company against J. T. S. Brown, for certainly appellant Williams has no interest in the outcome of such litigation, if any should result. It is enough for him to know that the statutes stand between him and double compensation for a single injury. We conclude that the trial court properly adjudged the matter and its ruling is affirmed.

Judgment affirmed.