## Lanham v. Himyar Coal Corporation.

(Decided February 1, 1927.)

### Appeal from Perry Circuit Court.

Master and Servant—Employee, Compensated for Injury, Could Not Recover for Employer's Negligence in Placing Him with Physician Amputating Leg (Ky Stats., Sections 4882, 4885).—Employee, having recovered under Workmen's Compensation Act for breaking bones of leg, could not recover against employer for alleged negligence in placing employee under physician who amputated leg, in view of Ky. Stats., sections 4882, 4885.

SAUFLEY & WARD for appellant.

MORGAN, EVERSOLE & BOWLING for appellee

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Charles B. Lanham was in the employment of the Himyar Coal Corporation as a laborer. Both had accepted the provisions of the Workmen's Compensation Act. On March 19, 1923, in the course of his employment, he fell from a car, breaking both bones of the left leg just above the ankle. One of the bones stuck out through the flesh. He filed his application before the compensation board and was allowed, as compensation for his injury, $12.00 a week for 137 weeks. This was paid. Then on March 24, 1926, he brought this action against the company alleging that after the accident he was taken to the Hazard hospital for treatment and after he arrived there he secured Dr. Gross and Dr. Collins, two surgeons then in charge of the hospital, to treat him. They did treat him for a period of three days and then he was

taken by the defendant, by its agents, to a hospital in Louisville, Kentucky, and placed in charge of a physician there, who immediately amputated his leg; that he was in such pain that he was not able to exercise his will power; that the defendant acted wrongfully, carelessly and with willful disregard of his rights in thus taking him to Louisville; that when he left Hazard his injury was doing nicely and if he had been permitted to remain there his leg could have been saved, and that the loss of his leg was due to the negligence of the defendant in so taking him to Louisville. He prayed judgment for $6,000.00 for the loss of his leg. The allegations of the petition were controverted by answer, and at the conclusion of the evidence the court peremptorily instructed the jury to find for the defendant. The proof showed these facts:

The surgeons at Hazard put splints on the broken leg and hot sand bags around the foot to restore the circulation. The foot did not have its normal color, but the color had been restored to a great degree; the thing feared was gangrene. Dr. Gross did not think there was sufficient danger of gangrene to justify an amputation at the time Lanham left Hazard. The question of taking his leg off had been discussed all the time he had been there. Dr. Gross testified that this occurred when the man came to take Lanham over to the railroad station: "I explained to Charlie why Charlie should go in his presence there; we had to insist upon Charlie's going before he would go." The Workmen's Compensation Act, among other things, contains these provisions:

"Where, at the time of the injury both employer and employee have elected to furnish or accept compensation under the provisions of this act for a personal injury, received by an employee by accident and arising out of and in the course of his employment, or for death resulting from such injury, within two years thereafter, the employer shall be liable to provide and pay compensation under the provisions of this act and shall be released from all other liability whatsoever.

"If a claim is made for the payment of compensation, or any other benefit provided by this act, all rights to sue the employer for damages on account of such injury or death shall thereby be waived and void as to all persons." Kentucky Statutes, section 4882.

"No action shall be brought against any employer subject to this act by any employee or other person to recover damages for malpractice or improper treatment received by such employee from any physician, hospital or attendant thereof." Kentucky Statutes, section 4885.

The proof shows that Dr. Baker, the company's physician, went with Lanham to Louisville and had charge of him on the way there. If the loss of his leg was caused by the defendant's wrongful taking of him to Louisville, this was a matter to be presented to the compensation board. It was clearly never contemplated by the act that a part of the injury should be allowed by the compensation board and another part recovered by suit. The whole purpose of the act is to provide a speedy and inexpensive settlement for these injuries, and to sustain such an action as this would be to defeat the primary purpose of the act.

Judgment affirmed.