## Powell v. Galloway.

(Decided April 16, 1929.)

38

YEAMAN, PENTECOST & YEAMAN for appellant.

DORSEY & DORSEY for appellee.

Opinion of the Court by Judge Willis—Affirming.

This was an action for damages instituted by Randolph Galloway against Dr. E. N. Powell, which resulted in a verdict and judgment for plaintiff in the sum of $3,000. A motion for a new trial was overruled, and the defendant has appealed. It is insisted that numerous errors prejudicial to the appellant's rights intervened at the trial, all of which will be noticed as the opinion proceeds.

The first complaint is that the evidence was insufficient to take the case to the jury or to sustain the verdict for plaintiff. It is correctly contended that a physician is not an insurer of results, and can be held liable to his patient for damages only in the event that negligence on the part of the surgeon is shown as the proximate cause

of injury. Hanners v. Salmon, 216 Ky. 584, 288 S. W. 307. But when evidence is offered tending to sustain the cause of action alleged by the plaintiff, the case must be submitted to the jury for determination. Leadingham v. Hillman, 224 Ky. 177, 5 S. W. (2d) 1044; Knopp v. Thornton, 199 Ky. 216, 250 S. W. 853.

It was charged in the petition that the plaintiff, while cranking an automobile, broke one of the bones of his right forearm and immediately employed the defendant to treat, care for, and attend the injured arm; that the defendant accepted the employment and undertook to render the necessary and proper services and attention; that defendant was negligent in the treatment and handling of the injury, and as a direct result thereof plaintiff's hand and fingers were stiff, deformed and permanently impaired. The proof for the plaintiff tended to sustain the allegations of the petition. The accident occurred near the doctor's office, and the injured man was immediately taken to the doctor for treatment. The doctor put the broken bones in place, but before a splint could be applied they separated again. The doctor then placed the arm in position and caused it to be held there until a metal splint was put under it and the arm firmly bandaged, so that it remained in the position fixed. The splint was somewhat longer than necessary and extended beyond the ends of the fingers. Only the thumb was left free. The splint was curved, and after the arm was placed in it the curve was toward the thumb. A shorter splint was put on the arm later, and the doctor saw the injured arm frequently. The accident happened November 18th, and the splint was removed on January 2d following. The doctor's attention had been called to the fact that the arm appeared to be crooked, and that a knot or bony substance had formed on the back of the hand at the wrist. The doctor insisted that the arm was not crooked, and explained that the knot was a mere swelling, which would soon disappear. In about one week after the splint was removed, the patient returned to the doctor, who appeared to be shocked at the condition of the arm.

Plaintiff testified that the doctor remarked that he knew there was a little deformity, but was surprised at the extent of it. He continued treating the arm until about the middle of March, but it remained stiff, crooked, and useless. In April another doctor was consulted and operated on the arm, removing the bony substance from

the wrist, and again placing the arm in splints. There was testimony by physicians to the effect that the arm was not properly set in the splint, and that the knot on the wrist indicated the displacement of a fragment, and that the fracture was not properly reduced. There was further testimony that the arm had been held in a mal-position, and that the abnormal result was caused thereby. It is apparent that the testimony for plaintiff made out a case for the jury, and sustained the burden which the law imposes in a case of this character to prove negligence resulting in injury. On the other hand, the testimony for defendant was positive and direct that the doctor had carefully and correctly treated the injured arm, and that the bad result was caused by inherent bodily conditions of the patient which prevented a union of the broken bones, and was not traceable to any omission or fault of the doctor. The doctor not only sustained his defense by his own testimony, but proved it by a number of other physicians.

The credibility of the witnesses and the finding of facts from conflicting evidence are essentially for the jury to determine. Whilst this court has power to grant a new trial, where the verdict of a jury is palpably against the evidence, yet, where there is sufficient evidence, if believed, to sustain the verdict, a new trial will not be granted, even though the losing party has the greater number of witnesses, or appeared to have proven his case more convincingly than his adversary. Baute v. Haynes, 104 S. W. 272, 31 Ky. Law Rep. 876, 12 L. R. A. (N. S.) 752; Acton v. Smith, 150 Ky. 703, 150 S. W. 854; Hoover v. McCormick, 197 Ky. 509, 247 S. W. 718; Stevenson v. Yates, 183 Ky. 196, 208 S. W. 820. We are unable to say that the verdict in this case was palpably against the evidence.

Complaint is made of rulings of the court regulating the admission of evidence. It is said that the amount of compensation collected by the patient from his employer's insurance carrier was admissible in reduction of special damages. There was no pleading alleging that compensation had been paid, or seeking to bring before the court the insurance carrier or the employer. It has been held that evidence that an employee had received compensation from his employer under the Workmen's Compensation Act is not admissible in an action against a third party whose negligence caused the injury. Book v. City of Henderson, 176 Ky. 785, 197 S. W. 449; Hardy

v. Muensch, 195 Ky. 398, 242 S. W. 586. But a verdict in favor of an employee against a wrongdoer may be credited with the amount of compensation collected by him, when the wrongdoer is liable also to the employer or his insurance carrier to that extent. Williams v. Brown, 205 Ky. 74, 265 S. W. 480; Maryland Casualty Co. v. Huffaker's Adm'r, 227 Ky. 358, 13 S. W. (2d) 260. The injury in this case, for which the employer was liable to pay compensation, was not inflicted by the negligence of a third party. The employer was liable to pay compensation only for the injury sustained by the employee while cranking the automobile, and was not liable for any subsequent damages that may have been caused by the neglect of a physician. Ky. Stats., sec. 4885; Lanham v. Himyar Coal Corp., 218 Ky. 55, 290 S. W. 1039.

Section 4890, Ky. Statutes, provides that the employer, or his insurance carrier, having paid the compensation or become liable therefor, shall have the right to recover in his own name or that of the injured employee from any third party who may be under a legal liability to pay damages for the injury. This statute necessarily refers to injuries inflicted by a third party through negligence or wrongful act, to an employee while on duty and in the course of his employment, and for which injuries the employer or insurance carrier becomes liable to pay compensation under the Workmen's Compensation Act. It has no reference to subsequent injuries for which the employer or insurance carrier is not liable. They are liable only for injuries arising out of and in the course of the employment. Plainly Galloway could not recover compensation from his employer for injuries resulting to him from any negligence of his physician. Nor could the employer, or his insurance carrier, maintain any action against the physician for negligent injury to Galloway. The physician was liable, if liable at all, only to his patient. Under such circumstances the court did not err in excluding the evidence sought to be introduced.

Appellant also complains that the court permitted the introduction of X-ray pictures of the injured arm, which had been taken a week before the trial. Similar complaint is made as to the exhibition of the injured hand to the jury. The point of the objection is that the condition of the hand had been changed by the operation thereon by Dr. Arnold, and that the appearance of the hand at the time of the trial, or a week before the trial, when the picture was taken, did not truly reflect the con-

ditions left by Dr. Powell. The issue in the case was the condition of the injured hand, and whether and to what extent that condition was caused by the negligence of Dr. Powell in the particulars claimed. It was proper for the jury to see the hand, in its present condition, and to hear the evidence as to the cause of that condition. Hess v. Lowrey, 122 Ind. 225, 23 N. E. 156, 7 L. R. A. 90, 17 Am. St. Rep. 355; Williams v. Nally, 45 S. W. 874, 20 Ky. Law Rep. 244; Ford v. Providence Coal Co., 124 Ky. 517, 99 S. W. 609, 30 Ky. Law Rep. 698. The same principle governs the introduction of the X-ray pictures. When the accuracy of the X-ray photographs is proven, they are competent, and should be admitted. Ligon v. Allen, 157 Ky. 101, 162 S. W. 536, 51 L. R. A. (N. S.) 842. The changes, if any, in the conditions of the injured arm at the various periods involved, was subject to description and explanation by the witnesses. Dr. Powell was liable only for the injuries, if any, that were caused by his neglect, and the jury could not allow damages for any impaired conditions not resulting from negligence of Dr. Powell.

Complaint is made that one of the physicians was not permitted to express an opinion to the effect that the X-ray picture showed proper treatment by the physician who originally set the arm. The witness was permitted to testify fully as to conditions shown by the picture and as to the proper treatment, and failure to permit the answer to be put in the particular form requested was not prejudicial. The facts were fully developed, and the ruling on the particular inquiry was insignificant. Greer v. Farrar, 223 Ky. 564, 4 S. W. (2d) 367. We are unable to discover any error of the court in the introduction or rejection of evidence.

Finally it is insisted that a new trial should have been granted because of misconduct of one of the jurors. After the trial appellant learned that a child of one member of the jury had been injured in an accident, and lost its life from resulting infection, for which the juror had blamed the physician who attended the injured child. He once contemplated an action for damages against the doctor, and had remarked that he should have sued the doctor, although he did not do so. Casual remarks, made by men as to what they thought ought to be done, or ought not to be done, in a certain kind of case, is not such misconduct as will authorize the granting of a new trial, when it does not appear that reference was had to the

particular case in which they sat as jurors. Nashville, C. & St. L. R. Co. v. Henry, 168 Ky. 453, 182 S. W. 651.. The juror was not asked in regard to the matter on his voir dire, and did not conceal the facts or mislead the appellant. Trials should not be set aside upon grounds so unsubstantial and conjectural.

Although the juror may have formed an adverse opinion of a particular doctor, there is nothing to indicate that he was prejudiced against the appellant, or the medical profession in general. His sad experience with his own child was not analogous to the case on trial, where infection of the injury was not involved, and the court did not abuse a sound discretion in refusing to vacate the verdict on that ground. In Miller v. Commonwealth, 203 Ky. 437, 262 S. W. 579, relied upon by appellant, a juror in a murder case had concealed his relationship to the deceased, and also the fact that he had formed and expressed an opinion on the guilt of the accused. Cf. Mansfield v. Com., 163 Ky. 488, 174 S. W. 16; Leadingham v. Commonwealth, 180 Ky. 38, 201 S. W. 500.

No other rulings of the court are complained of by appellant.

The judgment is affirmed.

## Powell v. Galloway.

(Decided April 16, 1929.)

YEAMAN, PENTECOST & YEAMAN for appellant.

DORSEY & DORSEY for appellee.