## Powers v. Middlesboro Hospital et al.

(Decided Feb. 19, 1935.)

GOLDEN, LAY & GOLDEN for appellant.

W. T. DAVIS and J. B. SNYDER for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

As is disclosed in Black Star Coal Company v. Powers, 252 Ky. 736, 68 S. W. (2d) 30, Ted Powers was allowed the maximum compensation for injury sustained by inhaling bad air in a mine of that company. Shortly after the judgment was affirmed, this suit for damages was filed by Powers against the appellees, Black Star Coal Mining Company, the Middlesboro Hospital, Dr. U. G. Brummett, and Dr. C. K. Broshear.

We state the substance of the petition as amended. On the motion of the coal company, the Workmen's Compensation Board entered an order directing that

Powers submit himself to a physician selected by the company either in Williamsburg, Barbourville, Pineville, or Middlesboro, upon notice to him and his counsel of the time and place and of the physician selected for such examination. It was further provided that Powers could have present a physician of his own choice if he desired. See section 4918, Kentucky Statutes. Before the examination, the defendants, for the fraudulent purpose of defeating recovery of plaintiff's award and judgment, entered into a conspiracy under that order of the board, whereby they procured his presence at the Middlesboro Hospital. Pursuant thereto, they did take and make him a prisoner and held him there until some physician from Louisville, unknown to plaintiff, could arrive. The defendants took his clothing away from him, confined him to a bed, and held him a prisoner at the hospital for about twenty-four hours against his will and over his protest; the doctors acting individually and as the agents of the coal company. They deprived him of his liberty, and forcibly compelled him to submit to various physical and laboratory examinations, and assaulted him, the details of which are set forth. These experiences, it is alleged, frightened and shocked the plaintiff, and made him weak, nervous, and sick, aggravating his condition and causing him physical and mental pain and anguish. Permanent injuries resulted, and he was damaged in the sum of $20,000.

The trial court, a special judge presiding, sustained special demurrers to the petition upon the ground that the court was without jurisdiction of the subject-matter. The conclusion was rested upon a provision of the Workmen's Compensation Act, which is a portion of section 4885 of the Statutes. It is as follows:

"No action shall be brought against any employer subject to this act by any employee or other person to recover damages for malpractice or improper treatment received by such employee from any physician, hospital or attendant thereof."

In Lanham v. Himyar Coal Corporation, 218 Ky. 55, 290 S. W. 1039, an employee entitled to compensation had his leg broken and was taken to Louisville, where a physician amputated it. He sued the company for damages upon the idea that the amputation was unnecessary. We held that such claim came within the provision quoted, and should have been presented

to the Compensation Board. In Black Mountain Corporation v. Middleton, 243 Ky. 527, 49 S. W. (2d) 318, an employee suffered X-ray burns in the treatment of an injury. He was granted additional compensation on that account by the board. The award was approved, and the judgment affirmed, for such injuries were clearly cognizable and compensable as extended disability within the contemplation of section 4885, Statutes.

The torts alleged in the petition before us are of an entirely different character. This is a straight-out suit for damages for wrongs not within the jurisdiction of the Compensation Board. They cannot be regarded as malpractice or improper treatment of compensable injuries or as constituting extended disability. We do not determine whether the petition as amended states a cause of action, for that matter is not before us. We hold only that the special demurrers were improperly sustained.

The judgment is reversed, and case remanded for consistent proceedings.