## Hardy v. Muensch.

## Hardy v. Hoagland.

(Decided June 20, 1922.)

### Appeals from Jefferson Circuit Court (Common Pleas Branch, First Division).

1.   Master and Servant—Recovery Under Compensation Act—Action Against Third Person—Evidence of Recovery Under Compensation Act not Admissible in Action Against Third Party Whose Negligence Caused the Injury.—Evidence that an employe had received compensation from his employer under the workmen's compensation act is not admissible in an action against a third party whose negligence caused the injury

2.   Evidence—Evidence not Excluded When Counsel is Permitted to Interrogate Witness.—Where counsel was given an opportunity to interrogate a witness but refused to do so, the contention that the evidence was excluded from the jury is without merit.

3.   Municipal Corporations—Statute Regulating Speed in Going Around Corner, Curve or Crossing Held to Aply to Motor Vehicle Crossing Street Intersection.—Kentucky Statutes, section 2739, subsection 9, regulating the speed of motor vehicles "in going around the corner, curve or crossing in a highway," applies to one driving across a street intersection.

4.  Appeal and Error—Necessity of Objections in Trial Court—Defect of Parties.—An objection for defect of parties cannot be made for the first time in the Court of Appeals.

JOHN P. HASWELL, JR., for appellant.

OSCAR LEIBSON and CHARLES W. MORRIS for appellees.

OPINION OF THE COUURT BY JUDGE CLAY—Affirming in each case.

On September 29, 1919, a truck belonging to M. M. Broida, who was doing business under the name of the Tri-City Electric Company, collided with a Dodge touring car belonging to William B. Hardy at the intersection of Walnut and Preston streets in the city of Louisville. Broida's foreman, George Muensch, was driving the truck and he was accompanied by William B. Hoagland, a fellow employe. Hardy's car was being driven by his son, William B. Hardy, Jr.

A few days after the accident Broida sued Hardy to recover for injuries to the truck, while Muensch and Hoagland each sued to recover for personal injuries. On motion of Hardy the cases were tried together. The jury returned a verdict in favor of Broida for $175.00, in favor of Muensch for $750.00 and in favor of Hoagland for $500.00. From the judgments in favor of Muensch and Hoagland, Hardy appeals.

It is first insisted that the court erred in refusing to permit Hardy to show that Muensch and Hoagland each received from Broida, their employer, a certain sum as compensation under the workmen's compensation act. We had occasion to consider this question in the recent case of Book v. City of Henderson, 176 Ky. 785, 197 S. W. 449, and we there held that evidence that an employe had received compensation from his employer under the workmen's compensation act was not admissible in an action against a third party whose negligence caused the injury.

Another contention is that the court erred in excluding from the consideration of the jury a conversation in which Hoagland stated to William B. Hardy, Jr., that Muensch was as much to blame for the accident as Hardy. On this point the transcript shows the following:

"Q. Young Hardy took you home, didn't he? A. Yes, sir.

"Q. Did you have any conversation with him on the way home? A. I said a few words, yes, sir.

"Q. Just tell what you told Hardy, please, sir? (Objected to by counsel for the plaintiffs. Objection sustained, to which the defendant by counsel excepted.)

"Judge Haswell: Counsel for defendant avows that, if the witness were permitted to answer the question, he would say and the same would be true, that on the way home he told young Hardy that it was as much the blame of the driver of the Muensch car that the accident occurred as it was Hardy's fault.

"Mr. Morris: We except to that because we don't think Hardy is going to say that.

"Q. Who was present at this conversation? (Objected to by counsel for plaintiffs.)

"The Court: He is a party; it is not necessary to lay the foundation. You can ask him anything he may have said to Hardy with reference to it.

"To the ruling of the court, the plaintiffs by counsel excepted."

It will be observed that Hoagland was first asked if he did not have a conversation with young Hardy on his way home. He replied that he said a few words. He was then asked to state what he told Hardy. Whereupon the court sustained the objection evidently on the theory that the question was too general in character, and did not indicate that the alleged conversation which it was sought to elicit had reference to the accident. However, when counsel's avowal showed that the conversation related to the accident, the court changed its ruling and told counsel in substance that he could ask witness about anything witness had said to Hardy in reference to the accident, but no further questions were asked. As counsel was given an opportunity to interrogate the witness in regard to the alleged conversation but refused to do so, there is no merit in the contention that the evidence was excluded from the jury.

The instructions are complained of because they imposed on young Hardy, who was driving the car, the duty of entering the intersection at a rate of speed not greater than eight miles per hour. The instructions were based on subsection 9, section 2739, Kentucky Statutes, 1915, which was in force at the time of the accident and contains the following provision:

"If the rate of speed of a motor vehicle or motor bicycle operated on a public highway in this state in going around the corner, curve or crossing in a highway, where the operator's view of the road traffic is obstructed, exceed eight (8) miles an hour, such rate of speed shall be *prima facie* evidence that the person operating such motor vehicle or motor bicycle is running at a rate of speed greater than is reasonable, having due regard to the traffic and use of the way or so as to endanger the life or injure the property of any person."

The point is made that one cannot go around a crossing, and that the statute does not apply to a case where the vehicle is proceeding directly across the intersection. The question was before us in the case of Lee Lewis, Inc. v. Dosch, 193 Ky. 163, 235 S. W. 355, and we there ruled that the statute applied to one driving across a street intersection. It follows that the instructions were correct.

Inasmuch as the workmen's compensation act gives to the employer who has paid compensation the right to recover of a negligent third party the amount of indemnity he has paid the employe under the statute, it is insisted that Broida was a necessary party to the action and that the court erred in not making him a party. At no time during the progress of the action did appellant file any pleading showing that Broida was a necessary party, nor did he ask that he be made a party or file any objection on the ground that he was not a party. On the contrary, the objection that he was not a party was made for the first time in this court, and it is well settled that that cannot be done. Wickliffe v. Turner, 154 Ky. 571, 157 S. W. 1125.

The judgment in each case is affirmed.