## McGill v. Commonwealth.

(Decided November 9, 1926.)

## Appeal from Grant Circuit Court.

1. Indictment and Information.—Indictment for rape of child of tender years, charging offense was committed during particular month in particular year, was sufficient against motion to make more specific.

2. Criminal Law.—Reprimand of defendant's attorney by court for misconduct at trial, and for misconduct in trial of other cases, was prejudicial error for referring to misconduct in other cases.

3. Witnesses.—In prosecution for rape of child of tender years, excluding evidence that civil suit by father and mother of child against defendant to set aside deed was pending was error.

4. Witnesses.—In weighing testimony jury should be in possession of all facts calculated to exert influence on witness.

5. Criminal Law—Excluding Purported Letter from Father of Prosecutrix to Defendant was Not Error, in Absence of Evidence of Genuineness or Avowal that Genuineness would be Established.— In prosecution for rape of child, in absence of evidence of genuineness or avowal that genuineness would be established, excluding letter reported to have been signed by father of child, and claimed by defendant to have been received by him, was not error.

6. Witnesses—Excluding Letters and Papers Signed by Witness, Corroborating Prosecutrix, Showing Her Interest in Rape Prosecution, was Prejudicial Error.—In prosecution for rape of child, where testimony of woman with whom child boarded as to statement by prosecutrix to her 16 months after alleged offense was received without objection, excluding letters and papers signed by her and sent to attorney for child's parents in pending suit against defendant to set aside deed, showing only way she expected compensation for board was out of proceeds of such civil suit, was prejudicial error.

C. C. ADAMS and B. F. MENEFEE for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of rape and his punishment fixed at five years' imprisonment.

The prosecuting witness, Fannie Dunaway, the daughter of R. K. Dunaway, fixed the time of the offense during the latter part of February, 1923, and the place at appellant's barn some distance from his house. She also testified to other acts of intercourse after that time, and the testimony as to these acts was properly limited

by the court. It developed that the prosecuting witness never told any one of the occurrences until a year or more after they happened, and never made any charges against appellant until February, 1925, more than two years after the alleged offense. On the other hand, appellant testified that he had never had intercourse with the prosecuting witness on any occasion; that during the month of February, 1923, he was ill from the flu and that the only two occasions on which he was out of the house were on February 15 and March 3. In this he is corroborated by members of his family and also by his physician, who attended him on several occasions during the month of February.

The indictment charged that the offense was committed on the — day of February, 1923. Appellant's motion for a bill of particulars stating the precise date was overruled, and of this he complains and insists that he was placed at a disadvantage in preparing for the trial. In a case of this kind, where the alleged offense was committed on a child of tender years, it is extremely difficult to fix the precise date, and if the Commonwealth could not comply with the order of court requiring the precise date to be given, it would result in the acquittal of the accused. In view of these circumstances, we are constrained to hold that an indictment charging that the offense was committed during a particular month during a particular year was sufficiently definite, and that the motion to make more specific was properly overruled.

Another contention is that the court improperly reprimanded appellant's attorney in the presence of the jury and thereby prejudiced the rights of appellant. The evidence discloses that during the cross-examination of the prosecuting witness appellant's attorney moved up from behind the attorney's table, and, on objection by the Commonwealth's attorney, a colloquy occurred between the attorney and the court as to the propriety of his conduct. The attorney then proceeded with the cross-examination, and, after asking the witness as to certain dates and receiving the reply, "I don't know," asked the following question:"You fixed the days very well a while ago, you know all about dates, holidays, what is the reason you don't know?" Thereupon the following occurred:

"Mr. Howe: I am objecting to the argument.
"The Court: No arguments with the witness.

"Mr. Adams: You see the purpose. of these interruptions; they have got the witness realizing she is getting this mixed. I object to the interruptions.

"The Court: Mr. Adams, there is a continual outbreak from you and comments; there is no occasion for it and I must stop you. In the trial of cases all along we are continually having complaint about your conduct. You don't conduct yourself like any other attorney; if anything doesn't go to suit you, you blurt out something in the presence of the jury.

"Mr. Adams: Just make your ruling on——

"The Court: I have a right to object to your conduct; you have a right to object to my rulings. I propose that you conduct yourself as an attorney should in the presence of a jury that is trying a case; that has been the complaint all the time. I have withheld any reprimand until this time, but it has come to the time when the court is bound to reprimand you. Just proceed, and act like any other attorney.

"Mr. Adams: I can't act like any other attorney. I want exceptions to the remarks of the court.

"The Court: What are these exceptions for? This court is bound to maintain itself in its conduct. Why are you excepting to the remarks of the court and to the privilege of the court to you in practicing law in the proper way?"

As the Commonwealth's whole case depended on the testimony of the prosecuting witness, appellant's attorney had the right to subject her to a rigid cross-examination. However, as the witness was a young girl, it was the duty of the court to protect her from any roughness of manner or acts of intimidation on the part of appellant's attorney. It is impossible for us to get an actual picture of all that occurred from the stenographer's transcript, which gives only what was said and does not show the demeanor of the attorney. In view of this situation we are not prepared to say that the court went beyond the bounds of propriety in reprimanding counsel for his conduct in his presence and in the presence of the jury. But the reprimand did not stop there. The court not only spoke of the numerous complaints that had been made against the attorney, and of the fact that he did not conduct himself as other attorneys, but made it plain to the jury that the reprimand had been withheld and was

then made not only for what occurred at the time, but for similar conduct in other cases. A client must necessarily risk the propriety of his counsel's conduct in the trial of his own case, as well as his general reputation as a member of the bar, but he should not be made to suffer by any reference of the court to misconduct in other cases. As the reprimand had the effect of discrediting appellant's case in the eyes of the jury by what occurred on the trial of other cases, and for which he was not responsible, we conclude that the reprimand went too far and operated to appellant's prejudice.

It appears that at the time the prosecution was instituted there was pending a civil suit by the father and mother of the prosecuting witness against appellant to set aside a deed, but that the court refused to permit this fact to be shown. In weighing the testimony of a witness the jury should be in possession of all the facts calculated to exert any influence upon the witness. It can not be doubted that the pendency of the action would have been admissible to show the state of feeling between the girl's father and appellant if the father himself had gone on the stand, and the question is, would the pendency of the suit and the state of feeling between the father and appellant have a tendency to show bias on the part of the child? As a general rule, prosecutions of this kind are not instituted by a child of tender years, but by the parents of the child. The child being in the custody and under the control of her parents, their influence is such that her feelings toward another are naturally affected by their feelings toward the same person. We are, therefore, constrained to hold that the evidence was admissible. Lodge v. State, 122 Ala. 97, 26 South. 210, 82 A. S. R. 23.

There being no evidence of its genuineness, or avowal that its genuineness would be established, the court did not err in excluding a letter purporting to have been signed by the father of the child and claimed by appellant to have been received by him.

While on the stand the prosecuting witness testified that she told Mrs. Hattie Godman of appellant's conduct about sixteen months after it happened. In this she was corroborated by Mrs. Godman without objection on the part of appellant. It is shown by her evidence that she had been boarding Mr. Dunaway and the prosecuting witness for several months, and some letters and papers were offered in evidence which she had prepared or

signed and sent to Mr. Harrison, attorney for the Duna-
ways in their suit against appellant, showing that the
only way that she expected any compensation for their
board was out of the proceeds of the suit, and evincing
a warm interest in the prosecution of the suit. It fur-
ther appears that she took a prominent part in the pros-
ecution of appellant, and we are constrained to hold that
the papers and letters offered in evidence were admissi-
ble as affecting her bias. As the statement of the prose-
cuting witness to Mrs. Godman was not made until more
than a year after the offense was committed, it was
merely a self-serving statement, and if objected to should
not have been admitted, but, being offered by the Com-
monwealth and admitted without objection on the part of
appellant, we conclude that the exclusion of the papers
and letters referred to was prejudicial error.

Other errors are relied on, but as they probably will
not occur on another trial we refrain from discussing
them.

Judgment reversed and cause remanded for a new
trial consistent with this opinion.