## Johnson v. Commonwealth.

(Decided May 14, 1935.)

JAY W. HARLAN for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Raymond Johnson appeals from a one year sentence for housebreaking.

Some time during the night of November 6, 1933, a store operated by Mrs. G. W. Stevens in the city of Danville was broken into and numerous articles, consisting of overalls, shoes, and bolts of goods, were taken therefrom. About a week later the police searched the premises of one Anderson, appellant's brother-in-law, and found there two bolts of goods, in addition to other property. Mrs. Stevens identified the bolts of goods as coming from her store by the trade-mark, and by the retail sale price which she had placed on the goods in her own handwriting. She also testified that she heard appellant make the statement that the stuff she had identified as coming from her place was "Stevens store stuff," and that he also, said, "Some of it was ours."

On the other hand appellant testified as follows: He did not break into the Stevens store on the night of November 6, 1933. During the day Neff Clark came to his home and they drank some liquor together. Between 7 and 8 o'clock in the evening he and Neff Clark, Charlie Anderson, and Warren Anderson left for Somerset. They went to Price's store. While there, Neff Clark handed him a sack. Appellant was so sick that he set the sack down and lay down in the car and went to sleep. He did not help to break in Price's store. He did not know that Neff Clark and the Andersons had broken into the store. When he came to himself, they were at the oil station on the other side of Stanford. Between 5 and 6 o'clock they reached Warren Anderson's and cleaned out the car. While there, they gave him one bolt of goods. It was pink. He had two bolts of goods and took the goods to Loretta and traded it for whiskey. He also took some overalls there. None of the goods came from the Stevens store. All of it came from Somerset. Mr. Manford Price, who lived on the Crab Orchard road about seven and one-half miles north of Somerset, testified that he operated a store and that his store was broken into on the night of the 6th of November, 1933, and a quantity of shoes, dry goods, bolt goods, overalls, etc., were taken therefrom. Afterward he was called

to Boyle county to identify the goods. On the trial he examined two bolts of goods and testified that they were exactly like the goods that came from his store, and that the price mark was the same.

It is insisted that the evidence was not sufficient either to take the case to the jury or to sustain the verdict. Reliance is had upon the rule that, though one may be convicted on circumstantial evidence, such evidence must do more than point the finger of suspicion at the accused, and if it be as consistent with his innocence as with his guilt, a conviction cannot be had. Pardue v. Commonwealth, 227 Ky. 205, 12 S. W. (2d) 288. In support of this position, it is argued that we have on the one hand the evidence of Mrs. Stevens that the bolts of goods came from her store and on the other the evidence of appellant, confirmed by the evidence of Price, that the bolts of goods came from his store, thus presenting a case where the circumstances relied on do not point with reasonable certainty to the guilt of the accused. Whether this position would be sound, if the evidence referred to was all the evidence on the question, we need not determine. In addition to her positive identification of the bolts of goods, Mrs. Stevens testified that she heard appellant make the statement that the stuff she had identified as coming from her place was "Stevens store stuff," and that he also said, "Some of it was ours." In view of this admission, coupled with the other evidence tending to show that the bolts of goods were part of the property taken from the Stevens store, we are constrained to hold that the question of appellant's guilt was for the jury.

Another contention is that the court erred in permitting the witness, Manford Price, on being asked, "Has Johnson or anybody else promised you anything, or to repay you for any stuff taken from you?" to give the following answer: "They said if they would get out of jail they would get all that stuff back down there." In weighing testimony, the jury should be in possession of all facts reasonably calculated to influence the witness (McGill v. Commonwealth, 216 Ky. 430, 287 S. W. 949), and for that reason it is proper to prove on cross-examination any facts tending to show bias or interest on the part of the witness (Hoover v. McCormick, 197 Ky. 509, 247 S. W. 718; Oldham v. Commonwealth, 136 Ky. 789, 125 S. W. 242). If it be true that the persons

who took the goods from Price's store promised to return them, if they got out of jail, then it was to the interest of Price not only to see that they got out of jail, but to identify as his own as many of the goods as possible. In the circumstances, he had an interest in the result of the trial, and the evidence complained of was clearly admissible.

On the whole, we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.