## Harlan Fruit Co. v. Kilbourne.

Nov. 17, 1939.

**512**

J. B. Snyder for appellant.

E. L. Morgan for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

This action is the result of a collision between ap-

pellant's automobile truck and appellee's automobile, in which the appellee was awarded $500 "for damage done to her car and her body." As to acts or omissions which caused the collision it is sufficient to say that the car and the truck were proceeding in opposite directions along a public road in daylight; that appellee claims that she was forced to leave the road in an attempt to avoid colliding with the truck which had rounded a curve on the wrong side of the road; and that the truck driver claims that he voluntarily drove his truck off the road in order to avoid striking appellee's car of which she had lost control by reason of having applied her brakes and skidding on a wet surface. In any event, the cars came into contact off the road and there was sufficient evidence to take the case to the jury, both on appellee's petition and appellant's counterclaim.

The principal questions which we are called upon to determine are whether appellee was entitled to an instruction on permanent impairment of her power to earn money, and loss of time from her employment as a substitute school teacher, and whether the instructions given by the Court covering these elements of damage, as well as the instruction entitling appellee to recover damages to her car, were correct. The instructions given by the Court on these subjects were as follows:

No. D. "If the jury shall find for the plaintiff, they will award her such sum for damages as they believe from the evidence will fairly and reasonably compensate her for the pain, suffered, both mentally and physically, and for any *permanent impairment of her power to earn money* directly resulting to her from said injuries, the whole award not to exceed the sum of $5000.00, the amount claimed in the petition."

No. E. "The Court also instructs the jury that if they find for the plaintiff, they will find for her any damages, if any resulted to her automobile, not to exceed the sum of $150.00."

No. F. "The Court further instructs the jury that if they find for the plaintiff, they will also find for her any sum not to exceed the sum of $812.00 for the loss of time which she was deprived of as a direct and proximate result of said accident complained of herein."

It is claimed by appellant's counsel that the allega-

tions of the petition are insufficient to entitle appellee to an instruction on permanent impairment of earning capacity, because the petition does not in express terms allege such impairment. However, it is alleged that the injuries are permanent, and this allegation is sufficient to entitle appellee to the instruction given. Louisville & Nashville Railroad Company v. Grassman, 147 Ky. 618, 144 S. W. 748, rehearing denied, 147 Ky. 739, 144 S. W. 1199. But we agree with counsel for appellant that the proof was not sufficient to entitle appellee to the instruction. While appellee claimed to be still suffering from the injuries which she received in the accident, her description of them was very vague, and her physician recalled having treated her for these injuries on only one occasion when she visited his office for that purpose, complaining of pain through her chest and in her back. The only injury, however, which he was able to find was an enlargement "about the third rib near the breast bone," which, he stated, he thought would practically disappear in time. On cross-examination, he stated:

"I think this enlargement, if she had a fracture it was due to an extra amount of callus being thrown out, and as time goes on that callus will be absorbed."

This testimony does not meet the requirements of the authorities reviewed by this Court in the case of Cincinnati, N. O. & T. P. Railway Company v. Ross, 212 Ky. 619, 279 S. W. 1075, 1077:

"It is because such recoveries are of everyday occurrence that courts should require that the evidence of permanent injury should be positive and satisfactory before submitting that question to the jury. * * * Where there is, as in this case, a question of whether the injury is permanent or is something from which the plaintiff may recover, the court should submit the matter to the jury in some form similar to the instructions 2 and 3 prepared by this court in the case of Louisville & Nashville Railroad Company v. Lynch, 137 Ky. 696, 126 S. W. 362, and which will be found in the latter part of that opinion, thus giving to the jury an opportunity to determine for itself whether the injuries are permanent or not."

Assuming that there had been sufficient evidence to entitle appellee to an instruction on the impairment of

earning capacity, the instruction given would nevertheless have been improper, in that it failed to inform the jury that any award which they might make for the impairment of appellee's power to earn money should cover only the period following the expiration of the period for which the award, if any, was made for appellee's specific loss of time from her occupation as substitute school teacher. Louisville & Nashville Railroad Company v. Parsons, 213 Ky. 432, 281 S. W. 519; Louisville & Nashville Railroad Company v. Kirby, 173 Ky. 399, 191 S. W. 113. As said in the case of Blue Grass Traction Company v. Ingles, 140 Ky. 488, 131 S. W. 278, 282:

"There ought not, of course, to be an allowance for lost time and for impairment of the power to earn money during the same period, as this would allow the injured party to recover double damages. Nor is it necessary that the impairment of the power to earn money should be permanent to enable an injured person to obtain compensation for impairment of the power to earn money. He is as much entitled to recovery for the temporary impairment of the power to earn money as he is for the permanent impairment of the power to earn money. For instance, a person may sustain injuries that will totally disable him from employment for say six months, and that will partially disable him from following an occupation for, say, six months longer, and, if so, he is entitled to recover for the time lost as well as for the impairment of the power to earn money from the time he is able to earn some and until a complete cure has been effected. Of course, when the injury is permanent, and there is a permanent impairment of the power to earn money, however slight it may be, there may also be a recovery for time lost by reason of the injury, and in addition thereto for permanent impairment of the power to earn money. But when there is a claim for special damages based on time lost, and also a claim for partial or permanent injuries, and as a consequence impairment of the power to earn money for any length of time or forever, as the case may be, the allowance for the impairment of the power to earn money, whether it be temporary or permanent, should begin when the allowance for lost time on account of total disability ends."

It is also contended that the Court should not have given instruction F permitting the specific recovery of $812 for time lost, the basis for this contention being that appellee did not have a contract for employment as a substitute school teacher at $116 per month as alleged in the petition. While it is true that the testimony on this subject shows that appellee had no written contract of employment, she nevertheless testifies emphatically that she had an understanding with the Superintendent of the County Board of Education that she was to be employed as a substitute teacher at the salary named for the school year of 1937-38, and to some extent she is corroborated by the testimony of the Superintendent and the testimony of the school Principal. Moreover, it is not necessary to entitle one to recover for loss of time that he have a specific employment at the time of the injury. The instruction as given is objectionable for the reasons pointed out in the preceding paragraphs of this opinion, and also because it *requires* the jury to compensate the appellee for loss of time if it should award her compensation for her injuries. It is true that the jury disregarded the instruction and found nothing for the appellee on this account, and hence, the appellant was not prejudiced. But on another trial the instruction should be corrected so as to eliminate the objectionable features referred to.

Instruction E was wholly erroneous, in that it did not limit the recovery for damages to the automobile to the difference between its fair and reasonable market value before and after the collision. It was also erroneous in that it permitted a recovery in excess of $124.47, the maximum cost of completely repairing the automobile as shown by the testimony. Gess v. Wilder, 237 Ky. 830, 36 S. W. (2d) 617; Big Sandy & K. R. Railway Company v. Blair, 224 Ky. 367, 6 S. W. (2d) 453; Banner Fork Joint Railroad Company v. Brock, 219 Ky. 652, 294 S. W. 188; Cincinnati, N. O. & T. P. Railroad Company v. Sweeney, 166 Ky. 360, 179 S. W. 214.

As stated at the outset of this opinion the jury found for the plaintiff "$500.00 for damages done to her car and her body" without attempting to separate its finding. In view of what has been said it is obvious that the instructions were not only erroneous, but prejudicial, and that the judgment must be reversed.

It should be noted that appellant filed a counter-

claim for $50 damage to its truck. On another trial, the Court, in addition to correcting the errors heretofore pointed out, will, if requested, define the duties incumbent upon appellee in operating her car upon the highway, instead of merely defining the duties of the truck driver and instructing on appellee's duty to exercise care for her own safety. We have not previously cited this error of the Trial Court, because of the fact that it was rendered unavailing to appellant by the failure of its counsel to tender a proper instruction on the subject.

Judgment reversed.