## Hellmueller Baking Co. v. Risen.

May 28, 1943.

274

Woodward, Dawson & Hobson for appellant.

Ogden, Galphin, Tarrant & Street for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On December 24, 1940, the appellee and plaintiff below, Lenzy Risen, was riding south in a United States Army truck on 32nd Street in the city of Louisville, while engaged with others in the distribution of mail. A short distance behind that truck was one approaching from the same direction owned by appellant and defendant below, Hellmueller Baking Company, and which was engaged at the time in distributing defendant's product to its customers. The mail distributing truck left the place where it was stopped on the west side of 32nd Street, intending to turn left some 150 feet ahead into an alley entering that street from the east. As it made the turn defendant's truck was approaching from behind at the rate of 30 or 35 miles per hour, according to plaintiff's proof; whilst defendant's proof shows that its speed at that time did not exceed 15 miles per hour. After the mail truck had turned—or while it was turning—to enter the alley, defendant's truck collided with

it on its left side immediately opposite the seat in which plaintiff was sitting. The force was such as to jar and shake those occupying that seat to such an extent that plaintiff claims it strained his muscles around his neck and shoulder and compressed his 5th vertebra against the 6th and next lower one, and to some extent dislocated his 5th one, whereby he was caused to suffer great pain and anguish and to incur expense and to be otherwise severely damaged.

He filed this action in the Jefferson circuit court against appellee and defendant below, charging that his injuries were the result of its negligence in the operation of its delivery truck, and placed his damages at $5,200. The answer was a denial, coupled with a plea of contributory negligence, which was denied by reply, thus forming the issues. A trial was held before a jury which returned a verdict in favor of plaintiff for the sum of $2,500. Defendant's motion for a new trial was overruled, and from the judgment pronounced on the verdict it prosecutes this appeal. While one of the grounds contained in the motion for a new trial is that "The verdict is flagrantly against the weight of the evidence," yet no contention is made in briefs filed in this court that the verdict finding defendant guilty of negligence, and (by implication) that plaintiff was not guilty of contributory negligence, from which it will be assumed that this ground is abandoned insofar as it relates to the sufficiency of the evidence to sustain the verdict on each of those issues. It, therefore, becomes unnecessary to rehearse the evidence relating to them, but which we find to be sufficient to sustain and support counsels' abandonment of them. The only grounds argued in this court as prejudicial errors authorizing a reversal of the judgment are (1) that the court erred in rejecting offered testimony by defendant; (2) error in instruction No. 5 given to the jury, and (3) that the verdict is excessive—each of which will be determined in the order named.

1. The rejected testimony complained of was that offered by defendant, by which it proposed to prove that plaintiff under some arrangement with the Federal Government—of which he at the time was an employee—paid him during his disablement resulting from his complained of injuries weekly payments amounting in the aggregate to $496. The court rejected that testimony,

and it is that ruling alone of which counsel complains in support of ground (1) urged for a reversal. Counsel readily admit that the testimony complained of was not admissible for the purpose of reducing the amount of recovery against defendant, since that question has been so determined by this court in numerous cases, with none to the contrary. See Book v. City of Henderson, 176 Ky. 785, 197 S. W. 449; Berry v. Irwin, 224 Ky. 565, 6 S. W. (2d) 705; Hardy v. Muensch, 195 Ky. 398, 242 S. W. 586, and the late case of Rogers v. Price, 290 Ky. 153, 160 S. W. (2d) 371.

However, counsel argue and contend that the offered testimony was competent for the purpose of establishing malingering on the part of plaintiff for the purpose of drawing the governmental compensation, and that it tended to prove that fact, which conclusion, under the testimony in the record, was only a surmised or a suspicioned one, since the proof showed that the Broughton collar, made and prescribed by plaintiff's physician, was worn by him for a much longer time than was necessary in order to continue the Federal compensation that he was receiving, but the evidence clearly shows that the wearing of it was more or less uncomfortable and he did not wear it for any longer period than that expressly prescribed by his physicians. In such circumstances it is pure speculation that its wearing was for any malingering purpose or design on the part of plaintiff, since he insisted on removing it earlier than his physician would allow. The cases of McGill v. Commonwealth, 216 Ky. 430, 287 S. W. (2d) 949, and Chesapeake & O. R. Company v. Pittman, 283 Ky. 63, 138 S. W. (2d) 962, relied on by appellant's counsel, are not applicable, since the offered testimony in them was directed exclusively to showing the bias of the witness as affecting his credibility, and which the offered testimony directly tended to establish. Here, as we have seen, the continued wearing of the Broughton collar was expressly prescribed by plaintiff's physician, even against his wishes, and which removes entirely any adverse conclusion that might be drawn from such continued wearing. We, therefore, find no legal reason for sustaining this ground.

2. Instruction No. (5), complained of in ground (2), was directed to the measure of damages if the jury found for plaintiff. It authorized compensation "for

his pain and suffering, mental and physical, if any of either, which he has endured, and which you may believe from the evidence it is reasonably certain he will hereafter endure, as a direct result of his said injuries, if any, not exceeding on this account the sum of $4,000; and such a further sum in damages as you may believe from the evidence will fairly and reasonably compensate him for the time lost by him, if any, from his usual employment, resulting directly therefrom not exceeding on this account 26 weeks at not exceeding $39 per week and not exceeding in all the sum of $1000.00,'' &c. The complaint made of the instruction is (a) that it fixes appellee's basic earnings at $39 a week, and (b) it requires a finding for loss of time *if* there be a general finding for plaintiff.

The proof showed that plaintiff lost at least 26 weeks from work and that at the time of his injuries he was receiving $39 per week, and at his carpenter's trade he was earning about $135 per month prior to his employment by the government in handling and distributing mail during the Christmas season of 1940, during which time he received his injuries. It will, therefore, be seen that the $39 per week while engaged at the Post Office in Louisville was less than what he ordinarily received at his occupation as a carpenter, according to his testimony, although he had not been so engaged immediately preceding his employment at the Post Office. We therefore, find no justifiable complaint as based on reason (a) of this ground.

Neither do we conclude that reason (b) is sustainable, since the instruction No. (5) complained of did not authorize a finding for loss of time if the jury should return a general verdict for plaintiff, but only in case the proof showed that he did lose time depriving him of earning capacity. The argument of counsel seems to be based on the idea that the complained of instruction did not incorporate the words ''if any,'' whereas it did include those words throughout the submission made by the court in that instruction. As illustrating counsels' argument, it is stated in brief that ''and also no requirement in the instruction that appellee should have lost any certain amount of time,'' when, as we have said, the instruction did contain such a requirement, by the employment of the words ''if any.'' In support of the argument of counsel the case of Harlan Fruit Company

v. Kilbourne, 280 Ky. 511, 133 S. W. (2d) 730, 731, is relied on. The instruction involved in that case was thus phrased: "The Court further instructs the jury that if they find for the plaintiff, they will also find for her any sum not to exceed the sum of $812.00 for the loss of time which she was deprived of as a direct and proximate result of said accident." It will be perceived that the instruction complained of in that case did not contain the words "if any," and the defect complained of in this case does not appear in the complained of instruction No. (5), which is in all respects approved in Stanley's Instructions to Juries, on page 379, section 313, and page 385, section 314—the latter reference containing a model instruction in such cases. The author cites under each of the above references many cases from this court approving an instruction in substantial form of the criticised one in this case. We, therefore, conclude that ground (2) is without merit, and which brings us to the consideration of ground (3), complaining of excessive damages.

3. The testimony of the physicians, some four or five, differed in some respects as to the character and extent of injuries to plaintiff's vertebra above referred to. They all testified to extreme muscular soreness, and a number of x-ray pictures were taken to reveal the extent of vertebra injuries. Plaintiff was advised to and did wear the prescribed Broughton collar for five or six months, the object and purpose of which was to lift the weight of his head from pressure on the spinal cord, a part of which was the alleged fractured or compressed vertebra complained of. Those pictures revealed, according to a number of the physician witnesses, not only compression between the 5th and 6th vertebra, but a fracture of the 5th one, which fracture was produced by the compression. Furthermore, it was shown by the same witnesses—or at least some of them—that plaintiff would continue to suffer as long as the fracture or compression existed, and which might continue for an indefinite time. It also appeared in the testimony that while such conditions existed plaintiff would continue to suffer pain and be otherwise greatly inconvenienced.

After plaintiff ceased to wear the supporting collar, he applied for and obtained two jobs, but which he found on his first day's work that he was unable to fill them because of the injuries to his spinal cord herein-

before described. In such situations the extent of damage is peculiarly a question for the jury. That plaintiff was seriously damaged physically on account of his described injuries there can be no doubt, and the finding of the jury that such injuries were produced as a result of his dislocating jar and shakeup he received while a passenger in the truck with which defendant's truck collided at the speed it was traveling is clearly sustained by the proof, although there was some intimation in the testimony of some of the physicians that the conditions might have been of an arthritic nature not produced by the accident; but none of their statements so intimating were positive, but only possible.

The verdict is larger, perhaps, than we, sitting as a jury, would have returned, but that fact is not conclusive, it being the rule that this court has no right to interfere with a verdict as being excessive unless it is flagrantly against the evidence, and we find no sufficient reason to conclude that it was so in this case. Therefore, under the prevailing rule we do not feel justified in so holding.

Wherefore, for the reasons stated, the judgment is affirmed.