## Coleman v. Commonwealth.

February 25, 1947.

R. Monroe Fields, Judge.

W. A. Daugherty for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Butler Coleman was sentenced to 21 years in prison for killing Lawson Hager by stabbing him with a knife in August, 1946. The principal grounds urged for reversal are (1) that the court erred in refusing to permit Coleman to introduce certain evidence; and (2) the self-defense instruction was erroneous. It is insisted also the verdict is flagrantly against the evidence and that there was misconduct on the part of the Common-wealth's attorney in his closing argument. Since we

have decided the judgment must be reversed on the first ground, we will confine our consideration of the case principally thereto other than to give our views on the Instruction to which complaint is directed.

As Coleman, who was drunk, was proceeding down Blackberry Creek toward his home, he encountered Hager near the home of Bob Dotson. Coleman's home was a short distance down the creek from Dotson's, and Hager's was on down below Coleman's. The evidence shows overwhelmingly that Coleman's action brought about the difficulty. While he says he took offense at a remark Hager made about his being drunk, and that the latter was the aggressor, the Commonwealth's evidence shows clearly that on two occasions he grabbed Hager as he was going in Dotson's gate. Coleman's' sons, 16 and 18 years of age, appeared upon the scene and, after Coleman and Hager had scuffled for some 25 or 30 feet down the creek, his sons took him by the arm and started down the creek. They were pulling him along, but he was holding back and still cursing Hager, who was following him and was doing some cursing also. When they had reached a point some 30 feet down the creek, according to the Commonwealth's evidence, and 100 feet according to Coleman's evidence, he broke loose from his sons and a fight ensued. Coleman said that Hager knocked him down and hit him with a rock, and as he came up he cut Hager because he was threatening to kill him. He said also that Hager grabbed two more rocks and then Bob Dotson came down and stopped the fight. On the other hand, the Commonwealth's evidence shows that while the fight was going on Hager knocked Coleman down twice; he then turned around and started up the road with Coleman following; and then Bob Dotson interceded. Blood was seen coming from Hager's side. Clearly the case was one for the jury.

The part of the self-defense instruction toward which complaint is directed follows: ''* * * unless you further believe from the evidence beyond a reasonable doubt that the combat was willingly and voluntarily engaged in by both the defendant and the deceased with the intention on the part of each to kill the other, or to do him great bodily harm, in which event the defendant cannot be acquitted on the ground of self-defense or apparent necessity.'' It is insisted that this part of the in-

struction should not have been given, and further that, even if the evidence warranted it, it should also have been provided that, if Coleman, although the aggressor, had in good faith withdrawn from the difficulty, and was thereafter pursued by Hager and the difficulty renewed by him, then Coleman was restored to the right of self-defense. Numerous cases are cited in support of this proposition, including the case of Collett v. Commonwealth, 272 Ky. 69, 113 S. W. 2d 861. This contention is not without merit, but from our view of the evidence we think the instruction was not prejudicially erroneous because it seems to us there was one continuous affray, though it must be conceded that Hager was following Coleman down the creek after his boys started home with him. On another trial it may be that the appellant can show that there had actually been a cessation of the original affray.

Coleman was tried in September. On examination by his counsel he was asked if a civil suit had been brought against him on account of the death of Mr. Hager. This was objected to and, out of the presence of the jury, Coleman testified that Mr. J. E. Childers, who was assisting in his prosecution, had filed a $25,000 damage suit against him on behalf of Hager's widow and children. The court refused to allow this testimony to be introduced to the jury.

The majority of the witnesses for the Commonwealth were related to Hager and certainly knew of the civil suit. It is natural to assume that they were willing witnesses and as close relatives they would have more than a passing interest in the outcome of the civil suit.

In the case of Oldham v. Commonwealth, 136 Ky. 789, 125 S. W. 242, it is said that such evidence should have been admitted, but it was not prejudicially erroneous not to do so. In McGill v. Commonwealth, 216 Ky. 430, 287 S. W. 949, it is said that in weighing testimony the jury should be in possession of all facts calculated to exert influence on a witness. In that case the court ruled that it was prejudicial error not to admit evidence showing that the prosecuting witness had a financial interest in the outcome of a civil action between the defendant and another of the prosecuting witnesses, and

that the omitted evidence should have been allowed in order that the jury might better weigh the credibility or possible bias of the witnesses.

In addition to this, in the case at bar, we must not overlook the fact that one of the prosecutors had a definite interest in the outcome of the criminal trial. Certainly this fact should have been introduced to the jury. Mr. Childers may not have deliberately intended any wrongdoing, but the least that can be said is that his actions were far from commendable.

In Wharton's Criminal Law, Vol. 1, section 45, p. 64, it is pointed out in a footnote that to remove temptation to abuse in a criminal prosecution, statutes in some states forbid prosecuting attorneys from having any interest in civil actions growing out of the same state of facts. No citations were given in this footnote, but after research we have found such statutes to exist in Massachusetts (General Laws of Massachusetts, 1932, Vol. 1, c. 12, section 30), Illinois (Illinois Revised Statutes, c. 14, section 7) and Idaho (Idaho Code Ann. 1932, Vol. 2, 30-2106).

We think it was certainly prejudicial error in this case not to allow the introduction of evidence which showed that both the prosecuting witnesses and the prosecuting attorney had a definite financial interest in a civil action arising out of the same facts on which the criminal action was based.

Complaint is made of two statements made by the Commonwealth's attorney in his closing argument, but exceptions were sustained to both of them. Furthermore, neither would have constituted reversible error.

For the reasons given the judgment is reversed, with directions that it be set aside and for proceedings consistent with this opinion.