### Redman et al. v. Commonwealth ex rel. Dummit, Attorney General.

October 24, 1947.

Lawrence F. Speckman, Judge.

Luther Roberts for appellants.

Eldon S. Dummit, Attorney General, Frank A. Ropke and Charles E. Keller for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Affirming.

The appellants are John M. Redman, alias John Marlon; Christine Redman, Charles B. O'Nan, Walter O'Nan and Arthur Ratliff. They have been enjoined from maintaining a nuisance of the class described in other opinions delivered today, namely, a common gambling house.

John M. Redman and his wife, Christine Redman, own the real estate. Redman operated the place the past year. It was previously run by one Stafford under lease. The saloon license is in Redman's name, but the year before it was in his wife's name.

The building is located on the corner of Fourth and Avery Streets in Louisville. It has two front entrances, numbered 328 and 330 West Avery Street. It is in the same general neighborhood as the other nuisances, but closer in to the business portion of the city. It is in a residential district, not far from the University of Louisville, and near several large industries. It is also near a car barn of the city railway company, by reason of which it doubtless chose the name of "The Barn Cafe." It is a combined restaurant, saloon and gambling house, conducted in No. 330 West Avery. The next door, No. 328, has been occupied under lease by John Michael. In testifying as to his knowledge of the business Michael conducted there, Redman responded, "That is something I don't know nothing about." But it developed that he knew it to be a saloon and "smoker." He claimed and was granted immunity from testifying as to his personal knowledge of any gambling transactions in that room.

The only special argument made in this case is that the testimony of the Chief of Police as to numerous raids upon this building and of the many arrests of John Redman and other persons at the place was incompetent, since he had no personal knowledge of them and was testifying from a memorandum taken from the official records. We need not pass on the question of the competency of this evidence for there was other evidence justifying the injunction.

On the authority of Goose v. Commonwealth, 305

Ky. 644, 205 S. W. 2d 326 and Coleman, Sr., v. Commonwealth, 304 Ky. 115, 200 S. W. 2d 151, the judgment is affirmed.