Tommy SPEARS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 25, 1977.

Jack Emory Farley, Public Defender, Tom R. Lewis, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, for appellee.

Before MARTIN, C. J., and COOPER and VANCE, JJ.

VANCE, Judge:

The issue for determination is whether the trial court erred by refusing to allow appellant to show that a principal prosecuting witness was under indictment in the same court in which appellant was convicted.

Appellant was convicted of trafficking in a controlled substance, Schedule I (KRS 218A.140(1)) and sentenced to twelve months imprisonment. The principal witness against appellant was an informer who volunteered his services as an "undercover agent" for the Commonwealth's Attorney. He testified that he purchased a bag of marijuana from appellant. In the course of his testimony it was revealed that he had come to Kentucky from Coeur d'Alene, Idaho and resided in Somerset, Kentucky for six to eight months in 1976. It also appeared that he left Somerset owing money to some of its citizens. Appellant attempted to show that there was pending against him at the time of trial an indictment for theft of services but the trial court sustained the Commonwealth's Attorney's objection.

Appellant later offered evidence by the person who preferred the charges against Sandlin but it too was excluded. It was established that Sandlin had been convicted in Idaho of the felony of uttering a check not backed by sufficient funds.

The evidence concerning the pending indictment against Sandlin was competent to show possible bias in his testimony and to show the possibility that his testimony was influenced by the fact that the Commonwealth's Attorney had the power to dismiss the indictment against him in exchange for favorable testimony. Appellant made it clear that he did not seek to show the indictment to impeach the witness but to show his possible bias.

In *Chesapeake & Ohio Railroad Co. v. Pittman*, 283 Ky. 63, 138 S.W.2d 962 (1940) it was held that a pending indictment against a witness in a civil suit offered by the Commonwealth's Attorney could be shown as a circumstance tending to show that her testimony may have been influenced by a desire to seek the favor or leniency of the prosecuting officer.

In weighing the testimony the jury should be in possession of all facts calculated to exert influence on a witness. *McGill v. Commonwealth*, 216 Ky. 430, 287 S.W. 949 (1926); *Coleman v. Commonwealth*, 304 Ky. 115, 200 S.W.2d 151 (1947). In *Clark v. Commonwealth*, Ky., 386 S.W.2d 458, 461 (1965) a conviction was reversed for failure to admit evidence that a prosecuting witness had entered a plea of guilty to six charges in the same court and that fourteen other charges were dismissed the court stated:

> Although Sharp specifically denied that he had been promised leniency in exchange for his testimony, the circumstances of the dismissal of the fourteen counts, coupled with Sharp's appearance before the grand jury after dismissal and his appearance as the prime prosecuting witness after dismissal—. . . tend to support the inference that Sharp's testimony was the result of a biased personal interest.

Appellee relies upon *East v. Cmwlth.*, 249 Ky. 46, 60 S.W.2d 137 (1933). It is true it was held therein that it was not error to refuse evidence that a principal prosecuting witness was under indictment for the murder of appellant's brother. It is clear, however, that the court rejected the evidence upon the ground that proof of an indictment for an unrelated offense was not proper impeachment, as indeed it is not except where the fact that an indictment is pending may tend to show that the testimony of the prosecuting witness was influenced by a desire to seek the favor or leniency of the prosecuting officer. No mention was made of the theory, later recognized in *Pittman, Coleman* and *Clark* that such proof is admissible to show bias of the witness. Perhaps that showing was unnecessary in *East* for the reason that the bias of the prosecuting witness was overwhelmingly proved by other evidence. In any event we think *Chesapeake and Ohio Railroad Co. v. Pittman, supra,* is controlling.

On a retrial, if the rule is requested, detective Girdler should not be permitted to remain in the courtroom while witnesses are testifying.

The judgment is reversed.

All concur.